————o————

STATE OF MISSOURI, Respondent, *vs.* JOHN HOWERTON, Appellant.

1. *Indictment—Robbery—Threats of violence, allegation as to.*—Under an indictment charging that a robbery was accomplished by means of threats to commit future violence, testimony showing that the injuries were to be inflicted presently, is proper.

2. *Robbery, indictment for—Value not essential.*—In indictments for robbery, the verdict of the jury need not specify the value of the property taken.

3. *Practice, criminal—Witness, refusal of to testify—Surprise—New trial.*—The refusal of a witness, placed upon the stand by the State, to testify, cannot operate a surprise upon the defendant, such as to justify a new trial, when defendant could have used him at the trial on his own behalf.

*Appeal from Jasper Circuit Court.*

*J. F. Hardin,* for Appellant.

*Hockaday, Att'y Gen'l.* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted under the statute (Wagn. Stat., 456, § 21) for robbery in the second degree, and his trial resulted in a conviction. The robbery consisted in taking from one Gennan, two mules, two sets of harness, and one wagon. On the trial, the prosecution was permitted to introduce evi-

dence showing threats of immediate injury to Gennan, and this is assigned for error, because the indictment alleged that the property was obtained by threats of injury to be inflicted at a different time. But there is no force in this objection. The evidence was admissible to prove that the threats of violence operated on the fears of Gennan, and it had a very important bearing, and constituted an essential element in the offense.

Again, it is complained that the jury did not find, in their verdict, the value of the property. But this was not necessary. The charge was the taking of the mules, harness and wagon and the value was proved upon the trial. The jury, by their verdict, found the defendant guilty of taking the property in the manner charged in the indictment, and that was sufficient. There is no law, that I am aware of, requiring the jury, in the case of robbery, to specify the value of the property in their verdict. The degrees of robbery are not based upon value, and the value of the thing taken is not of the essence of the offense. The putting in fear and taking the property, constitute the gist of the crime, and there is no necessity for either charging in the indictment, or proving at the trial, or specifying in the verdict, the value of the property.

The remaining question in the motion for a new trial is "surprise" and "newly discovered testimony." The ground on which it is insisted that the defendant was surprised, is, that Gennan, the person robbed, was sworn to testify by the State, and refused to give any evidence. But it is very difficult to see how this could have operated in such a manner as to have produced a surprise on the defendants, which would justify setting aside the verdict.

The State did not press the witness to testify, as it had a right to do, but if the defendant supposed he could obtain any testimony from the witness that would enure to his benefit, there was nothing to prevent him from calling him and compelling him to give evidence. Defendant alleges that the witness is now willing to testify. But by pursuing his proper course, he could have obtained the same testimony at the trial, that he now supposes he could attain on a new one.

The manifest inference is, that when the witness was called upon to testify, he was influenced by the same fear that induced him to give up the property in the first instance. The newly discovered evidence consists in the belief, that one of the witnesses who gave evidence for the prosecution would swear differently, if a new trial were granted. It is needless to pursue this question, as it furnishes no reason for a new trial on the ground of newly discovered evidence.

The judgment should be affirmed. All the judges concur except Judge Vories, who is absent.