STATE *vs.* FRANK PERLEY AND JAMES H. GOODWIN.

Penobscot.    Opinion May 29, 1894.

*Indictment. Robbery. Pleading. Value.*
*R. S., c. 100, § 1; c. 118, § 16, Stat. 1889, c. 250.*

In an indictment for robbery a description of the property taken as "certain money and one silver watch and watch chain of the goods and chattels of said J. N. E.," is sufficient without further allegation of value.

The rule that indictments for larceny must allege the value of the article stolen is still maintained because the punishment for larceny is graduated by our statutes with reference to the value of the property taken.

There is nothing in the nature of robbery as defined by the common law from which it appears that the value of the property taken has ever been deemed of the essence of the crime, and there is no statute in this State which makes the punishment of the offense dependent upon the value of the property taken.

ON EXCEPTIONS.

The defendants were convicted of robbery upon the following indictment :

"The jurors for the State aforesaid, upon their oath, present that Frank Perley and James H. Goodwin of Bangor, in the county of Penobscot, on the thirtieth day of August, in the year of our Lord, one thousand eight hundred and ninety-two, at Bangor, in the county of Penobscot, aforesaid, in and upon one John H. Emerson feloniously an assault did make and him, the said John H. Emerson did then feloniously put in fear and with force and violence, did then feloniously steal, take and carry away from the person of him, the said John H. Emerson, certain money of the said John H. Emerson, and one silver watch and one watch chain of the goods and chattels of the said John H. Emerson, against the peace of said State, and contrary to the statute in such case made and provided."

The defendants moved in arrest of judgment as follows :

"And now after a general verdict of guilty, and before judgment in the above entitled cause, the respondents, the said Frank Perley and James H. Goodwin, come and move the court that judgment in said cause be arrested and that they be discharged and allowed to go without day for the following reasons, to wit :

"First. Because said indictment does not, with sufficient certainty, precision and particularity, allege and set forth any crime.

"Second. Because said indictment does not, with sufficient certainty, precision and particularity, set forth and allege the crime intended to be charged by the grand jury, and which the jury who tried the case meant to convict the respondents of, to wit, robbery.

"Third. Because the money and goods and chattels alleged in said indictment to have been stolen, taken and carried away from the person of John H. Emerson are not set forth and described with sufficient certainty, precision and particularity.

"Fourth. Because the money alleged in said indictment to have been stolen from the person of said John H. Emerson is not described at all, and there is no allegation of how much it

amounted to, or that it had any value, and there is no allegation
in the aforesaid indictment that the watch and chain, the only
other property named in the indictment, was of any value
whatever, and no reason is stated in said indictment why the
said money is not therein described or its amount given, or why
its value is not stated, if it had value ; nor is any reason given
in said indictment why, if said watch and chain had value that
value is not stated therein.

"Fifth.   Because said indictment is in other respects informal,
insufficient and not valid."

The motion was overruled by the court and an exception was
taken thereto.

The defendants also took exceptions as follows :

"The judge presiding did not inform the jury that they could
find a verdict against the respondents for any offense less than
robbery and no request to that effect was made by counsel and
no allusion was made to the point by counsel on either side
during the trial.   And no contention was set up at the trial that
the respondents might be guilty of any less offense, if guilty
at all.   All that was said by the judge on that subject is em-
braced in the following extract from the charge :   'The two
respondents are accused by the indictment of the crime of
robbery.   The punishment for the crime may be as high as
imprisonment for life, and it may be as low as any term of
years, which might be two.'   On the subject of value of
property taken the judge made the following remarks :   'It is
not necessary for the government to prove that all the articles
alleged were taken from him in order to constitute robbery.
It is sufficient if they were all taken, or any of them were
taken, or any part of them were taken, or the least of them
were taken.   No matter how successful or unsuccessful in
amount of property taken if any was taken from the complain-
ant's person by violence, feloniously, the offense is established
as having been committed by somebody.'

"To the order of the court overruling the motion and to the
above instructions of the judge and to his omission to instruct
the jury that they could find the respondents guilty of any

offense less than robbery, the respondents except by their attorneys."

*Jasper Hutchings and P. H. Gillin,* for defendants.

Indictment must stand or fall at the common law, because we have no statute like 14 and 15 Vict. under which the precedent is taken in this case.  2 Arch. Crim. Pr. and Pl. 521.

Counsel also cited:  2 Russell, Crimes, 1st Am. Ed. pp. *988, *989; 1 Whar. Prec. 6th Ed. p. 411; Davis Crim. Proc. p. 704; 3 Chitty Crim. Law, (Riley Ed.) p. 566; *State* v. *Dawes,* 75 Maine, 51; *State* v. *Gerrish,* 78 Maine, 20; *Com.* v. *Cahill,* 12 Allen, 540.

*C. A. Bailey,* County Attorney, for State.

SITTING:  WALTON, LIBBEY, EMERY, FOSTER, WHITEHOUSE, WISWELL, JJ.

WHITEHOUSE, J.  The defendants were found guilty of the crime of robbery on an indictment under chapter 250 of the statute of 1889, entitled, "An act to define robbery and its punishment," which reads as follows:  "Whoever by force and violence or by putting in fear, feloniously steals and takes from the person of another property that is the subject of larceny, is guilty of robbery, and shall be punished by imprisonment for life or for any term of years."  This act of 1889, however, did not modify the definition of robbery as found in R. S., c. 118, § 16, but only changed and simplified the provisions of that section respecting the punishment.

It is charged in the indictment that the respondents " feloniously an assault did make and him the said John H. Emerson did then feloniously put in fear and with force and violence did then feloniously steal, take and carry away from the person of him the said John H. Emerson, certain money of the said John H. Emerson, and one silver watch and one watch chain of the goods and chattels of the said John H. Emerson."

After the verdict the defendants filed a motion in arrest of judgment based on four specifications; but the only ground now relied upon is that the indictment contains no allegation that

the money or the watch and chain therein mentioned had any value.

It is a principle of natural justice which was early recognized as a fundamental rule of the common law, now incorporated into our constitution as a guaranty of protection to individual rights, that in all criminal prosecutions the accused is entitled to " demand the nature and cause of the accusation " against him. No person can be held to answer to a criminal charge until it is " fully, plainly, substantially and formally described to him." Every material fact which serves to constitute the offense must be expressed with reasonable fullness, directness and precision. The purpose of this rule is sufficiently obvious.   It is to inform the accused of the exact charge against him, and enable the court to determine whether the facts alleged constitute a crime, and on proof of them to render such appropriate judgment as will be a bar to any future prosecution for the same offense.   3 Stark. Ev. 1527 ; *Com.* v. *Pray*, 13 Pick. 359.   " The doctrine of the court," says Mr. Bishop, " is identical with that of reason, viz : that the indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted." 1 Bish. Cr. Prac. § 81.   It is plain, however, that much of the useless tautology and wearisome prolixity which characterized indictments in the early period of criminal procedure, can be safely avoided without any infringement of this sacred right of the citizen.   It is the policy of our modern courts to encourage a more rational system of pleading, with greater directness and simplicity of statement, with less verbiage and needless repetition, and with greater regard for the construction and idioms of the English than for those of the Latin language.   In reason, an indictment is best, says Mr. Bishop, when it is " in the fewest and aptest words with no superfluous matter," and while under ordinary circumstances it would not be judicious to omit anything concerning the necessity of which a question may be raised to embarrass the trial, on the other hand no allegation and ordinarily no word should be introduced which is certainly needless.    Bish. D. & F. § § 10, 35.

In the case at bar, if the value of the property named in the

indictment is not a necessary ingredient of the offense sought to be charged and is not "legally essential to the punishment to be inflicted" an allegation of it is "certainly useless" and properly omitted. The precise point has never before been raised in this State, and the court is now at liberty to determine it in accordance with the plain philosophy of the question and the true science of pleading.

The indictment charges the offense in the language of the statute as far as permissible under the rule requiring a specification of the property and other identifying particulars. It does not state generally that the defendants took "property that is the subject of larceny," but specifically that they took "certain money and one silver watch and watch chain," which are declared by R. S., c. 100, § 1, to be subjects of larceny. It must be observed that there is no provision of this statute which makes the amount of property taken an essential element of the offense; and there is no statute in this State which creates degrees in robbery, or in any way makes the punishment of the offense, dependent upon the value of the property taken.

Nor is there anything in the nature of robbery as defined by the common law from which it appears that the value of the property has ever been deemed of the essence of the crime. Blackstone defines it to be "the felonious and forcible taking from the person of another, of goods or money to any value by violence or putting him in fear;" (4 Bl. Com. 242,) and all the authorities agree that the taking may be of money or goods "of any value." The value of the property is therefore quite immaterial. "A penny as well as a pound forcibly extorted makes a robbery, the gist of the offense being the force and terror." 2 Arch. Cr. Pr. & Pl. 1287; 3 Co. Inst. 69; 1 Hale P. C. 532; 1 Hawk. P. C. 212.

True, robbery is charterized by the common law as compound or aggravated larceny. It is "larceny committed by violence from the person of one put in fear." 2 Bish. Cr. Law, § 1156. And it is the well-settled general doctrine that indictments for larceny must allege the value of the article alleged to have been stolen. It is conceded, however, that this rule had its origin in

the practice of distinguishing between grand and petit larceny with reference to the extent of the punishment, that being dependent in some measure upon the value of the article stolen; and it is still maintained because under our statutes the punishment for larceny is also graduated with reference to the value of the property stolen. 2 Arch. Pl. & Pr. 1149 & note; *Hope* v. *Com.* 9 Met. 134; 2 Bish. Cr. Prac. § 713; Rev. Stat. Ch. 120, § 1. But where the value is not essential to the punishment it need not be distinctly alleged or proved. The jury must be satisfied, however, that the goods were of some value, and they may infer it without separate proof, either from the inspection of the articles, or from the description of them by the witnesses. 2 Bish. Cr. Prac. § 751; *Com.* v. *Burke,* 12 Allen, 182; *Com.* v. *Lawless,* 103 Mass. 425; *State* v. *Gerrish,* 78 Maine, 20. Upon this point Mr. Archbold says: "Since the distinction between grand and petty larceny was abolished, it seems to have been no longer necessary to insert the value of the article stolen in indictments, except for stealing to the value of £5 in a dwelling-house. It was said, indeed, by some to be necessary to show that the thing was of some value, but this was sufficiently shown by stating it to be of the goods and chattels of the prosecutor. As it can be of no use, therefore, in any case to insert it where the value or price is not of the essence of the offence, and as the Stat. 14 & 15 Vict. (Sect. 24, c. 100) sanctions its omission in all other cases, I have in practice omitted to insert it except in the simple case above mentioned." 2 Arch. Pr. & Pl. 1153.

It is still urged, however, that upon the theory that robbery is an aggravated larceny, an indictment for robbery should contain the allegation of value to authorize a conviction of larceny, in the event of a failure to prove the aggravation. But this suggestion is sufficiently answered by the statute creating a distinct offense of larceny from the person, the punishment of which does not depend upon the value of the property stolen (R. S., c. 120, § 4). In *Com.* v. *McDonald,* 5 Cush. 365, the court says respecting this offense: "As the punisment for stealing from the person does not depend on the amount stolen

there was no occasion for any allegation of value." This is cited with approval in the note to 2 Arch. Pr. & Pl. 1150. And in *Com.* v. *Burke*, 12 Allen, 182, the precise point was directly raised and determined in accordance with the dictum in *Com.* v. *McDonald, supra.* It is clear, therefore, that in an indictment for robbery no allegation of value can be necessary to justify a conviction of the minor offense upon failure to prove the aggravation.

Many other authorities may be cited in support of the proposition, so strongly sustained by reason, that an indictment for robbery is sufficient without an averment of the value of the property taken. In *State* v. *Howerton*, 58 Mo. 581, the court says respecting this crime : "The value of the thing taken is not of the essence of the offense. The putting in fear and taking the property constitute the gist of the crime and there is no necessity for either charging in the indictment or proving at the trial or specifying in the verdict, the value of the property." In *State* v. *Burke*, 73 N. C. 83, it is said to be unnecessary to allege the value of the property, "since force or fear is the main element of the crime." See also Wharton Cr. L. 9 Ed. § 857 ; *State* v. *McCune*, 5 R. I. 60 & note (70 Am. Dec. 180) ; *James* v. *State*, 53 Ala. 38 ; *Williams* v. *State*, 10 Texas App. 8.

The reasoning of the court in *Com.* v. *Cahill*, 12 Allen, 540, is not in harmony with *Com.* v. *McDonald*, and *Com.* v. *Burke, supra*, from the same state, and cannot be adopted by this court.

The other objections raised by the defendants' exceptions are not insisted upon and are obviously without merit.

*Exceptions overruled.*