THE STATE OF UTAH, Respondent, v. ALBERT
LA CHALL and JOHN BARRY, Appellants.

### No. 1536.   (77 Pac. 3.)

1. **Criminal Law: Robbery: Indictment: Value of Property**
   **Sufficiency.**
   Under Rev. St. 1898, section 4175, providing that robbery is the
   felonious taking of personal property in the possession of
   another, from his person or immediate presence, and
   against his will, accomplished by means of force or fear,
   an indictment not alleging the value of the money taken "in
   current United States silver coin" was sufficient, and an
   amendment inserting these words was not prejudicial to de-
   fendant.

2. **Same: Consent: Sufficiency.**
   The indictment having charged that the robbery was "from the
   person and immediate presence of one R., and by means of
   force and fear, and by threatening to shoot and kill him,"
   and that defendants feloniously took a certain sum from
   the possession of said R., was sufficient, and the insertion
   of the words "and against his will" was unnecessary and
   not prejudicial.

3. **Same: Appeal: Verdict not Disturbed, When.**
   Where, on appeal from conviction for crime, there was evidence
   which strongly tended to show the guilt of the accused,
   the appellate court cannot disturb the verdict.

### (Decided June 17, 1904.)

Appeal from the First District Court, Box Elder
County.—*Hon. C. H. Hart,* Judge.

The defendants were convicted of the crime of rob-
bery and appealed.

AFFIRMED.

*Nels Jensen, Esq.,* for appellants.

*Hon. M. A. Breeden,* Attorney-General, and *Hon.
W. R. White,* Deputy Attorney-General, for the State.

BASKIN, C. J.—The defendants, having been found guilty of the crime of robbery, were sentenced to three years' imprisonment in the penitentiary.

Section 4175, Revised Statutes 1898, provides that "robbery is the felonious taking of personal property in the possession of another, from his person, or immediate presence, and against his will, accomplished by means of force or fear."

The robbery for which the defendants were convicted was charged in the information in the following terms:

"That said Albert La Chall and John Barry on the twenty-seventh day of November, 1903, at Box Elder county, State of Utah, then and there willfully, unlawfully, and feloniously, from the person and immediate presence of one David Radcliff, and by means of force and fear, and by threatening to shoot and kill him, the said David Radcliff, they, the said Albert La Chall and John Barry, did feloniously take the sum of four and 50-100 ($4.50) dollars, then and there in the possession and the property of said David Radcliff, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Utah."

After the defendants had entered the plea of not guilty, and the jury had been empaneled and sworn, the district attorney, over the objection of the defendants, was permitted to amend the original information by substituting in place of the portion of the same above quoted the following: "That the said Albert La Chall and John Barry on the twenty-seventh day of November, 1903, at Box Elder county, State of Utah, did then and there willfully, unlawfully, and feloniously, from the person and immediate presence of one David Radcliff, and by means of force and fear, and by threatening to shoot and kill him, the said David Radcliff, *and against his will*, they, the said Albert La Chall and John Barry, did then and there feloniously take the sum of

28 Utah—6

$4.50, *in current United States silver coin*, then and there in the possession and the property of the said David Radcliff. . . . ." The appellants assign as error the insertion of each of the italicised phrases, on the ground that they embrace matters of substance, and not of form, and were not therefore, admissible, under section 4694, Revised Statutes 1898, as an amendment to the information, after the defendants had entered their pleas.

Under the statute of the State of Maine which provided that "whoever by force and violence, or by putting in fear, feloniously steals and takes from the person of another property that is the subject of larceny, is guilty of robbery" (Revised Statutes, c. 119, sec. 15), two persons were charged with having, in violation of said statute taken from the person of one, Emerson, certain money and one silver watch and one watch chain. Upon conviction the accused made a motion in arrest of judgment on the ground "that the indictment contained no allegation that the money or watch and chain therein mentioned had any value. On appeal (State v. Perley, 86 Me. 427, 30 Atl. 74, 41 Am. St. 564) it was held that the indictment was sufficient. In the opinion the court said: "It must be observed that there is no provision of this statute which makes the amount of propery taken an essential element of the offense, and there is no statute in this State which creates degrees in robbery, or in any way makes the punishment of the offense dependent upon the value of the property taken. Nor is there anything in the nature of robbery, as defined by the common law, from which it appears that the value of the property has ever been deemed of the essence of the crime. . . . Where the value is not essential to the punishment, it need not be distinctly alleged or proved. The jury must be satisfied, however, that the goods were of some value, and they may infer it without separate proof, either from inspection of the articles, or from the description of them by the witnesses. 2 Bish. Cr. Proc., sec. 751; Com. v. Burke, 12 Allen 182; Com. v. Lawless, 103 Mass. 425; State v. Gerrish, 78 Me. 20, 2 Atl. 129.''

In the case of State v. Burke, 73 N. C. 83, it is held that it is not necessary to charge in an indictment for robbery the kind and value of the property taken. In the opinion the court said: "In robbery the kind and value of the property is not material, because force or fear is the main element of the offense. Thus, where a man was knocked down and his pocket rifled, but the robber found nothing except a slip of paper containing a memorandum, an indictment for robbing him of the paper was held to be maintainable. Rex v. Bingley, 5 C. & P. 602."

In People v. Chuey Ying Git, 100 Cal. 437, 34 Pac. 1080, it is said: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear. Pen. Code, sec. 211. Robbery and grand larceny, when the property is taken from the person of another, or when the property taken is a horse, etc., do not depend upon the value of the property taken. Pen. Code, sec. 487. Hence it was unnecessary to specify the value of the personal property taken." People v. Townsley, 39 Cal. 405; State v. Burke, 73 N. C. 83; Williams v. State, 10 Tex. App. 8; State v. Howerton, 58 Mo. 581; McClain's Cr. Law, secs. 472, 481. There is no provision in section 4175 of the Revised Statutes of 1898 of Utah which makes the value of the property taken an essential element of the crime. As the value of the property alleged to have been taken was not of the essence of the crime charged, it was not necessary to allege it, and therefore the amendment of the original information by inserting the words "in current United States silver coin" was unnecessary and not prejudicial to the defendants.

Section 211 of the California Penal Code is the same as section 4175 of the Revised Statutes of 1898 of this State. In the case of People v. Riley, 75 Cal. 98, 16 Pac. 544, the indictment charging the defendant with the crime of robbery omitted the statutory words "and against his will." The Supreme Court of that

State, in the opinion in that case, said: "The information charges that the defendants, on a day named, etc., did 'unlawfully, willfully, and feloniously, and by means of fraud and force, take from the person, possession,' etc. It is claimed the judgment should have been arrested because the information is fatally defective, in that it omits the statutory words 'and against his will.' Pen. Code, sec. 211. But the information is sufficient. Pen. Code, sec. 960. A robbery 'accomplished by means of force and fear' must have been accomplished 'against the will' of the person robbed." State v. Patterson, 42 La. Ann. 934, 8 South. 529; State v. Kegan, 62 Iowa 106; 17 N. W. 179; 1 McClain's Cr. Law, sec. 475. It is stated in 18 Enc. Pl. and Pr. 1227, that "it is generally held that an averment of force or intimidation implies that the property was taken against the will of the person robbed, and renders an express averment to that effect unnecessary." The original information sufficiently charged the defendants with the crime of robbery, and the insertion of the words "and against his will" was unnecessary, and not, therefore, prejudicial to the defendants.

The appellants contend that the verdict of the jury was not warranted by the evidence. There was evidence which strongly tended to show the guilt of the accused. Whenever this is so the appellate court has no authority to disturb the verdict.

The record fails to disclose any reversible error. It is ordered that the judgment be, and the same is hereby, affirmed.

BARTCH and McCARTY, JJ., concur.