[No. 5890.]

## SMITH ET AL. v. THE PEOPLE.

1. **Appellate Practice — Robbery — Evidence — Identification — Question for Jury—Verdict Not Disturbed on Appeal.**

In a prosecution for robbery, the prosecuting witness testified that he identified the defendants as the persons who robbed him, and in this he was corroborated by witnesses who saw defendants in the vicinity of the robbery near the time of its occurrence. The defendants denied positively that they committed the offense. Held, that, the question having been properly submitted to the jury, the verdict will not be set aside as manifestly against the weight of the evidence.—P. 204.

2. **Appellate Practice—Practice in Criminal Cases—Evidence— Res Gestae—Harmless Error.**

In a prosecution for robbery, the prosecuting witness was allowed to testify, over the objection of defendants, that about an hour and a half after the robbery he made complaint under oath before a justice of the peace charging the defendants with having committed the offense. Held, that such evidence was not part of the res gestae and was irrelevant, but, since the jury must have known that the prosecuting witness had charged the defendants with the crime, the fact that he was permitted to testify that he did so charge them on the night the offense was committed could not have prejudiced defendants.—P. 204.

3. **Practice in Criminal Cases—Alibi—Evidence—Rebuttal.**

In a prosecution for robbery, defendants testified that they were not at the place of the robbery at all, and one of them testified that at the time of the robbery he was at another certain place in the city. Held, that it was proper rebuttal testimony to show by witnesses whose names were not indorsed upon the information that they had met one of the defendants at a place other than where he said he was, since such evidence tended to disprove the alibi story of the defendants.—P. 205.

4. **Practice in Criminal Cases—Jury—Special Venire—Deputy Sheriff—Challenge to Array—Grounds.**

A special venire was issued in a criminal case and given to a deputy sheriff to serve. The deputy had been duly appointed and had taken his oath of office, and there was no showing that he was incompetent or that the jurors summoned by him were prejudiced. Held, that a challenge to the array, upon the grounds that the deputy had not recorded his commission as required by law and that the venire was not delivered to the sheriff who was present in person, was properly overruled.— P. 205.

5. **Same—Alleged Disqualification of a Juror—Conflicting Evidence—Finding Not Disturbed on Appeal.**

One of the grounds urged for a new trial, on a conviction of robbery, was that a juror had previously expressed an opinion concerning the guilt or innocence of the defendants notwithstanding his statement to the contrary upon his examination. The juror denied such allegation, and stated that his testimony upon his examination as a juror was correct. Held, that the court, in denying the motion for a new trial, must have found this issue of fact against the defendants, and such finding will not be disturbed on appeal.—P. 207.

*Error to the District Court of Teller County.*
*Hon. William P. Seeds, Judge.*

Bert Smith and C. H. Fightmaster were convicted of robbery, and they bring error.

*Affirmed.*

Mr. S. D. CRUMP, for plaintiffs in error.

Mr. N. C. MILLER, attorney general, and Mr. I. B. MELVILLE, deputy attorney general, for defendant in error.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The trial of the plaintiffs in error upon the charge of robbery of one Henry Bunte resulted in a verdict of guilty. The plaintiffs in error have come here by writ of error, requesting that the judgment be reversed upon the grounds:

1. That the verdict is manifestly against the weight of the evidence.

2. That the court improperly admitted testimony in chief and in rebuttal.

3. That the court erred in overruling the challenge to the array of jurors.

4. That the court erred in overruling the motion for a new trial.

The prosecuting witness, Bunte, testified that he identified the plaintiffs in error as the persons who robbed him, and in this he was corroborated by other witnesses who saw them in the vicinity of the place where the robbery occurred, near the time of its occurrence. And although the plaintiffs in error denied positively that they committed the offense, the question was properly submitted to the jury, and we cannot say, after considering the testimony set out in the abstract, that the verdict should be set aside upon the ground that it is manifestly against the weight of the evidence.

The prosecuting witness was permitted to testify, over the objection of the defendants, that about an hour and a half after the robbery he made complaint under oath before a justice of the peace charging the defendants with having committed the offense. The attorney general says in support of the ruling of the court that this testimony was part of the *res gestae,* and that the court was clearly right in admitting the testimony; but we are of opinion

that this act of the prosecuting witness in proceeding to the office of the justice of the peace and there making complaint against the defendants was not a part of the *res gestae,* and that such testimony was irrelevant. But while we regard the testimony as irrelevant, we do not regard it as prejudicial to the defendants. The jury must have known that the prosecuting witness had charged these defendants with the commission of the offense, and the fact that he was permitted to testify that he charged them with the commission of the offense on the night when it was committed, could not have prejudiced the defendants.

After the defendants had rested, the court permitted the prosecution to examine two witnesses whose names were not on the information. The defendants had testified that they were not at the place of the robbery at all, and one of the defendants had testified that at the time of the robbery he was at a certain place in the city of Cripple Creek. The witnesses testified in rebuttal that they had met one of the defendants at another place in the city than where he said he was. Counsel insist that this is not proper rebuttal testimony, and that if admissible at all it should have been given in chief, but we regard it as entirely competent and proper rebuttal as tending to contradict the testimony of the defendants. The defendants sought to establish an alibi, and the testimony of these witnesses tended to disprove the story of the defendants.

The clerk issued a special venire and delivered it to a deputy sheriff by the name of Barker, and the jury that Barker summoned was impaneled and tried the case. The ground for the challenge to the array was that the venire was, under the order of the court, delivered to the bailiff, and was not delivered to the sheriff of said county, for service, and that neither the

sheriff nor his undersheriff was allowed or permitted to serve said venire or to have it for service; that the sheriff of the county was present when the venire was issued and served and was not incapacitated from performing his official duties, and that said Barker was not authorized by law to serve said venire, having no commission as deputy sheriff recorded as by law required; that no affidavit of prejudice was filed against the sheriff, nor was any showing made why the sheriff should not have been allowed to serve the venire. The record shows that Barker had been duly appointed a deputy sheriff by the sheriff, and that he had taken his oath as required by law. It appears, however, that the commission was not recorded. Upon the hearing of the challenge to the array, testimony was taken, and the court after hearing the testimony overruled the challenge. The district attorney stated in open court that he had objected to the sheriff serving the venire because he, on a former trial of these defendants, had appeared as a witness for them. There is no showing that the jurors served by the deputy were prejudiced against the defendants, nor was there any showing made that the deputy who served the venire was incompetent by reason of bias or prejudice to serve the venire, nor did the failure to file his appointment disqualify him, and as he was authorized by law to perform the duties of the sheriff, we are of opinion that the challenge to the array was properly overruled.

One of the grounds assigned for the motion for a new trial was that subsequent to the trial a man by the name of Dittmore had made an affidavit, which was presented with the motion for new trial; that he, and not the defendants, had robbed the prosecuting witness, and that shortly after the commission of the offense he had left Cripple Creek and was, at the time of making the affidavit, at El Paso, Texas. At

the trial the man Dittmore had testified in support of the defendants' cause that he was with them in the city of Cripple Creek at another place in the city than in the vicinity of where the robbery occurred, and we think the court very properly refused to consider his affidavit filed in support of the motion for a new trial, if for no other reason, because it was made at a point suspiciously near the boundary of the United States.

Another ground in support of the motion for a new trial was that the juror O'Brien had, notwithstanding his statement in his examination as a juror that he had expressed no opinion concerning the guilt or innocence of the defendants, so expressed an opinion to three different persons, and had stated that one of the defendants, in his opinion, was guilty of the offense charged.  The juror denies that he made any such statement and states that his testimony upon the examination concerning his qualifications as a juror was correct.  The court must have decided the issue of fact against the defendants, and we shall not disturb its finding.—*Johnson v. People,* 33 Colo. 244.

Perceiving no prejudicial error in the record, the judgment is affirmed.  *Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.