[No. 5806.]

BURNSIDE V. THE PEOPLE.

**Juries—Venire—By Whom Served—Bailiff Not Qualified.**

Mills' Ann. Stats., § 2613, provides that jurors shall be summoned by a writ of venire facias directed to the sheriff of the proper county. Held, that it was error to deny defendant's motion to quash a special venire summoned by a bailiff, since such services can only be performed by the sheriff or his deputy, or, in the event of his disqualification, by the coroner, except under certain circumstances, when an elisor may be appointed.—P. 486.

*Error to the County Court of Teller County.*
*Hon. Thornton H. Thomas, Judge.*

From a conviction, W. O. Burnside brings error.
                                          *Reversed.*

Mr. EUGENE ENGLEY and Mr. S. D. CRUMP, for plaintiff in error.

Mr. W. H. DICKSON, attorney general, and Mr. S. H. THOMPSON, assistant attorney general, for the people.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The sheriff of Teller county addressed a letter to the county judge of the county, in which he stated that he had received a special venire directing him to summon fifteen jurors, and that he desired to be excused from serving it, and requested that the coroner be ordered to perform the duty. The court thereupon excused the sheriff from serving the venire, and ordered the same to be delivered to Alex Ault, the probation officer and bailiff of the county court of Teller county. The venire is addressed to Alex Ault. A day or two following, Ault returned the venire and signed the same "Alex Ault, bailiff county court." The defendant, against whom an information had been filed, moved to quash the special venire, and alleged as reasons therefor that Ault was not the bailiff of said court; that he had not been appointed an elisor; that he was not the sheriff, undersheriff, deputy sheriff nor coroner of the county; and that he had no authority to serve the writ. The motion was overruled. The jurors served by Ault were impaneled and sworn, and tried the defendant, and returned a verdict of guilty.

We shall consider but one assignment of error, which is that the court erred in denying the motion of the defendant to quash the special venire. We find no authority in the law for the service of venires except by the sheriff or his deputy, or, in the event of his disqualification, the coroner of the county. This is not to be understood as declaring that the court is not authorized, under peculiar circumstances, to appoint elisors to take the place of the sheriff and coroner. It is the duty of a sheriff to serve the process issuing from courts of record within his county, and the court has no authority to supersede him or to excuse him from the duty of service of process upon his request. If it is shown that the sheriff is disqualified from performing the duty of serving pro-

cess, the law requires that the coroner shall serve such process.

It is not claimed that the person who served the venire was a deputy sheriff.  His official designation is that of probation officer and bailiff.  The venire is directed to him as bailiff, and we shall presume that he was not a deputy sheriff.

Section 2613, Mills' Ann. Stats., provides that: "Jurors selected according to the provisions of this act shall be summoned to attend upon the court by writ of *venire facias,* directed to the sheriff of the proper county in the manner heretofore practiced, and such writs may be made returnable upon any day of the term, as the court or judge shall direct."

The attorney general cites *Smith v. People,* 39 Colo. 202, as supporting his contention that the bailiff is the proper officer to serve the venire.  That case is not in point.  The bailiff who served the venire in that case was also a deputy sheriff, and the venire was directed to the sheriff.

Ten of the jurors summoned by the bailiff sat as jurors in the trial of the defendant.  It was his right to be tried by a jury summoned in the manner provided by law.  This right he asserted in apt time, and there being no element of waiver disclosed by the record, the case must be reversed.  *Reversed.*

Mr. Justice CASWELL and Mr. Justice MAXWELL concur.