No. 13,362.

Rowan *v.* The People.

(26 P. [2d] 1066)

Decided November 6, 1933.

Mr. Avery T. Searle, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. Charles H. Queary, Assistant, for the people.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

PLAINTIFF in error, to whom we shall refer as defendant, was prosecuted for the crime of robbery, convicted and sentenced to the penitentiary for not less than five nor more than seven years. Error is assigned.

The assignments may be comprehended in the following points: (1) That a motion to quash the information should have been sustained, for the reason, as argued, the facts set forth did not constitute an offense; (2) that the evidence was not sufficient to warrant the verdict of guilty; and, (3) that the court of its own motion should have instructed the jury to disregard a certain gun which was shown to witnesses in the presence of the jury, marked as an exhibit, but not offered in evidence.

Specifically, the criticism of the information is that it failed to allege that the "$49.81 referred to therein was money or that it was money of the United States, and failed to allege its value or that it had any value." The information reads as follows:

"That James Rowan late of the County of Phillips and State of Colorado, on or about the 22nd day of December in the year of our Lord one thousand nine hundred and thirty-two at and within the county and state aforesaid being then and there armed with a dangerous weapon, to-wit: A pistol loaded with powder and leaden ball, then and there with intent, if resisted, to kill and murder Charlie E. Peterson, employee in charge of the Filling Station and business of F. E. Cherry, feloniously and violently and by force, intimidation and threat did make an assault upon said Charlie E. Peterson and did then and there feloniously, violently, by force and intimidation put him, the said Charlie E. Peterson, in bodily fear and in danger of his life and the sum of $49.81 all the personal property, goods, chattels and moneys of the

said F. E. Cherry from the control and against the will of Charlie E. Peterson, then and there feloniously, violently and by force and intimidation did, rob, steal, take and carry away, contrary to the form of the statute in such case made and provided and against the peace and dignity of the same People of the State of Colorado.''

Study of the challenged information will be aided by an analysis of the statutory definition of robbery (C. L. 1921, §6718, amended, S. L. 1931, p. 307). It will be noted that unlike the usual larceny statute, in the robbery statute the value of the thing taken is not emhasized for any purpose. Rather, the gravamen of the offense, as was the conception of the law-making body, rested in the manner of the taking. In *State v. Perley,* 86 Me. 427, 30 Atl. 74, 41 Am. St. Rep. 564, where defendant made a motion in arrest of judgment on the ground ''that the indictment contains no allegation that the money or the watch and chain therein mentioned had any value,'' the court said: ''It must be observed that there is no provision of this statute which makes the amount of property taken an essential element of the offense; and there is no statute in this state which * * * in any way makes the punishment of the offense dependent upon the value of the property taken. Nor is there anything in the nature of robbery as defined by the common law from which it appears that the value of the property has ever been deemed of the essence of the crime * * *. Where the value is not essential to the punishment, it need not be distinctly alleged or proved.'' ''There is no occasion, as there is in larceny, for alleging the value, as the punishment is not made to depend on the value of the property taken.'' 1 McClain's Crim. Law, §472. See, also, section 481, same authority. ''There is no law * * * requiring the jury, in the case of robbery, to specify the value of the property in their verdict. The degrees of robbery are not based upon value, and the value of the thing taken is not of the essence of the offense. The putting in fear and taking the property, constitute the gist

of the crime, and there is no necessity for either charging in the indictment, or proving at the trial, or specifying in the verdict, the value of the property." *State v. Howerton*, 58 Mo. 581, 582. "In robbery the kind and value of the property is not material, because force or fear is the main element of the offense." *State v. Burke*, 73 N. C. 83, 89. *State v. Segermond*, 40 Kan. 107, 19 Pac. 370, holding otherwise, cited by counsel for plaintiff in error, is disapproved in a later Kansas case. *In re Wheatley*, 114 Kan. 747, 750, 220 Pac. 213.

▇ The description of the money alleged to have been taken reasonably conforms to the requirements of section 7066, C. L. 1921. It has been held that where the information alleges in a charge of robbery that money was taken, money will be construed to mean money of the United States, and the court will take judicial notice of its value. *Roach v. State*, 46 Okl. Cr. 85, 287 Pac. 1095; *Jenkins v. State*, 44 Okl. Cr. 217, 280 Pac. 477; *State v. La Chall*, 28 Utah 80, 77 Pac. 3. The money was described with considerable particularity by a witness called by the prosecution, certainly to the extent that the jury was justified in finding that money was the thing taken, and that it had value. The general verdict of guilty as charged, sufficiently manifested the required determination by the jury. *State v. Howerton, supra.* We conclude that the essential elements of the offense were alleged.

▇ As to the adequacy of the evidence, we have examined the record with care. In our labors we were greatly aided by counsel's painstaking analyses. There was more or less of conflict, and not a little of the prosecution's case was circumstantial. Perhaps, as counsel earnestly argues, the finding of the jury was erroneous. We do not know. Indeed, it is not our office to determine. In man's groping for justice, his crowning evolvement is the jury system of trial. As in the first instance the trial judge may not invade the province of the jury and require conviction, so on error reviewing judges may not

nullify a verdict of guilty supported by competent evidence, and the record shows there was such evidence here. *Wolfe v. People,* 90 Colo. 102, 6 P. (2d) 927; *Smith v. People,* 39 Colo. 202, 88 Pac. 1072.

■ In the course of the presentation of the people's case, a gun was produced and marked as an exhibit, but for some undisclosed reason the district attorney did not offer the exhibit in evidence, possibly on the theory that the preliminary evidence did not warrant such offer. It is complained that the court did not of its own motion instruct the jury to disregard the gun and all evidence in connection therewith. The record shows that no instructions were asked in behalf of defendant, and objections were made to none given. "We have ruled many times," said the court in *West v. People,* 60 Colo. 488, 156 Pac. 137, "that mere non-direction by the trial judge is not reversible error, unless a specific instruction, good in point of law, covering the omission was requested and refused." See, also, *McClary v. People,* 79 Colo. 205, 245 Pac. 491; *McQueary v. People,* 48 Colo. 214, 110 Pac. 210.

■ We have not overlooked that error is assigned to the admission of exhibits B, C, D, and E. They were pictures of a car belonging to one Raymond Carson, who was informed against for the same offense and tried jointly with the defendant. There was evidence from which the jury could reasonably infer that the car which these exhibits fairly portrayed was the car used by those involved in the alleged robbery. We agree with the trial court that the exhibits were competent.

The unhappy defendant was represented by skilled counsel at the trial, his cause has been ably presented here, and throughout he has enjoyed the benefit of all constitutional safeguards. We perceive no error.

Let the order be that the judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Campbell. concur.