No. 16,058.

MAYNES ET AL. *v.* THE PEOPLE.

(200 P. [2d] 915)

Decided December 13, 1948.   Rehearing denied December 29, 1948.

Mr. J. EMORY CHILTON, Mr. M. C. GARWOOD, for plaintiffs in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

INFORMATIONS were filed charging Nathan Maynes, Steve Lanford, Gilbert Lanford, and Felix Maes with rape, as that crime is defined in section 58 (3), chapter 48, '35 C.S.A. Without objection the cases were consolidated for trial, and the jury returned separate verdicts finding all four defendants guilty as charged. The court entered its judgments on the verdicts and sentenced all of the defendants to terms in the penitentiary. To review these judgments and sentences, the defendants bring the proceedings here by writ of error. We will herein refer to the victim of the assault as the complaining witness or prosecutrix.

The complaining witness was a married woman, the wife of a man other than any of the defendants. According to her testimony, she was forced into an automobile with her husband and the four defendants, and after being taken to an isolated spot, the acts of which she complained were committed by each of the four defendants. Two of the defendants admitted carnal knowledge of the prosecuting witness, but testified that the acts were with her consent. The other two defendants did not testify.

We deem it unnecessary to relate the evidence in detail. Suffice it to say that if the jury believed that introduced by the prosecution, the crimes were committed, and each of the defendants was guilty as charged.

There was offered and received in evidence a confession by one of the defendants in which he admitted a former conviction for rape and also that he had served a term in the State Industrial School. When the prosecution offered this confession in its entirety, defendants' attorney objected thereto, according to the record, on the sole ground of alleged inadmissibility in evidence of the former convictions. Thereupon the court ordered that that part of the confession relating to the former convictions of the defendant be "covered up" so that the jurors might not be advised as to the portion thereof which was withdrawn from their consideration. Whereupon defendants' counsel objected because the confession was not offered in its entirety. The defendant who confessed did not take the witness stand.

The four assignments of error may be thus summarized: (1) The verdict is contrary to the evidence; (2) error in the admission of the confession; (3) error in admitting certain photographs; and (4) sentences imposed are excessive.

1. Two of the defendants testified that the act of which complaint is made was committed by them with the consent of the prosecutrix. This testimony was positively and emphatically denied by her, and she testified that she resisted to the extent of her ability. The jury evidently believed her testimony. There being competent evidence to support the verdicts, they will not be disturbed.

2. In the confession, as we have said, one of the defendants admitted a former conviction of rape and also that he had served a sentence in the State Industrial School, but he did not take the witness stand and testify. How the exclusion of this evidence could possibly prejudice the confessing defendant is not shown. If counsel for defendants had desired this particular defendant's unsavory past to be paraded before the jury, he, at least, should have offered it in evidence. His positions are inconsistent. First he objects to the introduction of the

confession because of the fact that a former conviction is disclosed thereby, and when sustained in this position, as the court "covered up" that part of the confession, he now insists that the confession, in its entirety, should have been admitted and that error was committed by the trial court in not permitting its introduction. Counsel further insist that when a part of the·confession was withdrawn from the consideration of the jury the court should have advised it that "the portion taken from its consideration had nothing to do with the case as that portion was concerning a former conviction." If counsel had requested the court to so instruct the jury, it might properly have done so. No such request was made; neither was any objection offered to any of the instructions given by the court. We are not called upon to decide whether the confession in its entirety was admissible, but we do hold that neither the confessing defendant, nor his codefendants, were prejudiced by withholding from the jury the fact that one of them had been convicted of a crime similar to the one for which he was then on. trial.

■ 3. The criminal act was committed on the evening of November 25, 1947, and photographs of the complaining witness were taken on the moring of November 27 and also of one of the defendants on the afternoon of November 27. These photographs, together with another showing the automobile license plate covered with a handkerchief, which concealed the numbers thereon, were properly identified and offered in evidence. The photograph of one of the defendants, as well as one of the complaining witness, gave mute evidence of a terrific struggle, and were corroborative of the prosecutrix' testimony. Defendants' counsel objected to the introduction of these photographs in evidence because they were not taken until November 27, which, it is contended, was too remote and also because the photographs were enlargements. These objections were overruled. It also is contended by counsel for defendants that the admission

of these photographs in evidence was prejudicial and unduly influenced the minds of the jurors and that they were inadmissible because an oral recitation of the facts disclosed by them was available. This assignment is without merit, the question having been definitely settled adversely to counsel's contention by our decisions in the following cases: *Mow v. People,* 31 Colo. 351, 72 Pac. 1069; *Moya v. People,* 88 Colo. 139, 293 Pac. 335; *Rowan v. People,* 93 Colo. 473, 26 P. (2d) 1066; *Militello v. People,* 95 Colo. 519, 37 P. (2d) 527; *De Salvo v. People,* 98 Colo. 368, 56 P. (2d) 28; *Potts v. People,* 114 Colo. 253, 158 P. (2d) 739.

4. The sentences imposed by the court were well within the statutory limits, and any relief therefrom rests with the executive, and not with this court. *Olguin v. People,* 115 Colo. 147, 170 P. (2d) 285.

The judgments are affirmed.

MR. JUSTICE STONE does not participate.