CARLETON CHANDLER WOOD, PETITIONER

*vs.*

STATE OF MAINE, ET AL.

Knox.   Opinion, January 18, 1965.

*Christopher S. Roberts,* for Petitioner.

*John W. Benoit, Asst. Atty. Gen.,* for State.

SITTING: WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ. WILLIAMSON, C. J., did not sit.

SULLIVAN, J.   Carleton Chandler Wood had filed a petition for post conviction-habeas corpus relief. R. S., c. 126, §§ 1-A 1-G, additional.   After a hearing the presiding justice had dismissed the petition.   Wood had appealed from that decision.   He thereafter and pending determination of his appeal petitioned the court to enlarge him on bail.   The court ruled that it was without authority to permit bail.

Wood then appealed from that latter adjudication and here prosecutes such second, interim appeal.

In post conviction-habeas corpus R. S., c. 126, § 1-D is directive of pleading and procedure to the phase of rendition of "final judgment for the purpose of review." Section 1-D provides the following:

"- - - - Such justice may make such order as the case requires for the custody of the petitioner pending hearing and judgment or for admitting to bail."

Section 1-D delimits itself to regulatory measures antecedent to "final judgment for the purpose of review."

Section 1-G of R. S., c. 126 legislates as to method of review of final judgment and prescribes as follows:

"A final judgment entered under section 1-D may be reviewed by the Supreme Judicial Court sitting as a law court in an appeal brought by the petitioner or the State in the same mode and scope of review as any civil action.

"If the justice upon hearing determines that the petitioner should be immediately discharged, pending review of a decision discharging a petitioner, said petitioner shall be enlarged upon recognizance, with surety, for his appearance to answer and abide by the judgment in the appellate proceedings; and if in the opinion of the justice rendering the decision surety ought not to be required the personal recognizance of the prisoner shall suffice."

It must be noted that by force of this Section 1-G and subsequent to the "final judgment for the purpose of review" afforded by Section 1-D a restricting and exclusive stipulation as to bail is imposed. If the ruling of the presiding justice dictates the immediate discharge of the petitioner that justice must enlarge the petitioner upon recognizance with or without surety but Section 1-G is otherwise

significantly and impressively mute as to any concession of bail to that petitioner to whom relief has been denied by the sitting justice. The rationale of this legislative differentiation between the two eventualities is transparent. The petitioner who after consideration or after a hearing has been judicially determined to be imprisoned illegally has succeeded in demonstrating very persuasive pretension for being enlarged during the period of appellate review so long as fit and precautionary guarantees are exacted of him for his appearance and abiding of the appellate court judgment. It would be paradoxical, however, to admit to bail and respite pending review a petitioner whose application for release from confinement has been judicially considered or heard but disapproved.

R. S., c. 126, § 6 in habeas corpus proceedings would permit the presiding justice in his discretion to admit an applicant to bail following a decision adverse to the applicant and pending review by the law court. That section is not operative in the instant case which invokes and is regulated by the later modulated and conformed provisions of R. S., c. 126, §§ 1-A - 1-G, additional, P. L., 1963, c. 310.

Nor can the circumstances of the case at bar be understandably said to *require* that the petitioner here be bailed pending review. R. S., c. 126, § 33.

Sections 1-D and 1-G of R. S., c. 126 differ in their latitudes for bail. As the Arizona Court said in *Waller* v. *Jordan,* 118 P. (2nd) 450, 452:

> " - - - - We think when the legislature in one instance gives the right to bail pending the appeal but fails to give any right to bail in the other instance, it is equivalent to denying the right to bail in the latter case."

Habeas corpus is a civil and not a criminal proceeding. *In re Frederick, Petitioner,* 149 U. S. 70, 75.

*Fisher* v. *Baker,* 203 U. S. 174, 181.
*Coram nobis* is a civil process.
*Dwyer* v. *State,* 151 Me. 382, 396.

Post conviction-habeas corpus procedure in criminal cases, providing amongst multiple remedies relief in the nature of habeas corpus and of *coram nobis* is regarded as civil.  R. S., c. 126, § 1-G, *supra.*

This court said in *Ruggles* v. *Berry,* 76 Me. 262, 268:

" - - - - It was well said by SHAW, C. J., in *Crane v. Keating,* 13 Pick. 342, that 'the whole subject of the giving and taking of bail in civil actions is founded on statute, limited, regulated, and controlled by it; that a bail bond partakes very little of the nature of a contract between the parties in whose names it is taken, but is rather *a legal* proceeding in *the course of justice,* the effect of which is regulated by statute;' - - - - "

The Legislature has afforded no enacted provisions for admitting this petitioner to bail under the circumstances of the case at bar.

The mandate shall be:

*Appeal denied.*