## No. 24304

**Rosendo Alfredo Maes, a/k/a Ross Alfred Maes v.
The People of the State of Colorado**
(494 P.2d 1290)

Decided March 27, 1972.

Love, Cole, Murphy, Herbert, Hecox & Tolley, Thomas E. Berg, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

This writ of error was prosecuted after a jury convicted the defendant, Rosendo Alfredo Maes, of the crime of robbery. He asserts that the trial court committed error in failing to properly instruct the jury on his theory of the case and on lesser included offenses. We find no error and affirm.

The facts in this case reflect a robbery which followed a drinking bout. After an afternoon in a bar, the defendant, together with an individual named Valdez, entered a pawn

shop in Colorado Springs for the alleged purpose of purchasing a watch for the defendant. While the defendant was haggling over the price of a watch, Valdez indicated to the pawn shop owner and his family that he had a gun and ordered them all to lie down on the floor. Thereafter, as Valdez scooped the money out of the cash register, the defendant told Valdez to kill the owner of the pawn shop and his family. The defendant also ordered patrons in the pawn shop to get down on the floor during the course of the robbery. As the defendant and Valdez left the shop following the robbery, the police arrived and the two men were arrested.

On appeal, the defendant contends that in addition to the instruction which the court gave on the charge of robbery, the court should have given an instruction on the lesser included offense of theft by threat. Subsequent to the filing of briefs in this case, we announced *Schott v. People*, 174 Colo. 15, 482 P.2d 101 (1971), in which we held that a crime of robbery does not encompass a lesser included offense of theft by threat. In enacting the theft statute, the Legislature intended to define one crime of theft which would incorporate all crimes involving the taking or obtaining of personal property without physical force and to eliminate distinctions and technicalities which previously exist in the pleading and proof of such crimes. *See* Colo. Sess. Laws 1967, ch. 312, § 1 and § 19, pp. 573, 574, 578, and sections thereby repealed.

The defendant also contends that the jury should have been instructed that a charge of robbery carries with it the lesser included offense of petty and grand theft. Such an instruction would have been improper, since the kind and value of the property taken in a robbery is immaterial. *Sterling v. People*, 151 Colo. 127, 376 P.2d 676 (1962); *Rowan v. People*, 93 Colo. 473, 26 P.2d 1066 (1933).

The only remaining issue centers on the court's refusal to instruct the jury that the crime of accessory during the fact is also a lesser included offense when robbery is charged, which was the defendant's principal theory of the

case. Accessory during the fact is a separate and distinct offense which was not charged and which could not properly have been the subject of an instruction. *Mingo v. People,* 171 Colo. 474, 468 P.2d 849 (1970); *Martinez v. People,* 166 Colo. 524, 444 P.2d 641 (1968).

Accordingly, we affirm.

MR. JUSTICE LEE, MR. JUSTICE KELLEY, and MR. JUSTICE GROVES concur.