Charles A. CUNNINGHAM

v.

STATE of Maine et al.

Supreme Judicial Court of Maine.

Aug. 11, 1972.

Joseph T. Walsh, Jr., Bangor, for plaintiff.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for defendants.

Before DUFRESNE, C. J., and WEBBER, POMEROY, WERNICK, and ARCHIBALD, JJ.

WEBBER, Justice.

On appeal from denial of a petition for the writ of habeas corpus.

The Petitioner entered his plea of guilty to the crime of robbery in the Superior Court in 1963 and was then sentenced to a term of imprisonment of not less than 25 years nor more than 50 years. Robbery was—and is—punishable by imprisonment for any term of years. R.S.1954, Ch. 130, Sec. 16, now 17 M.R.S.A., Sec. 3401. At the time of his plea and sentence in the Superior Court and during these habeas corpus proceedings, petitioner has been represented by court-appointed counsel.

The Petitioner's list of alleged grievances may be summarized as follows:

1. Petitioner's rights were violated because he was not represented by counsel either in the Municipal Court[1] proceedings or when he was earlier identified by his victim and interrogated by the police.

2. The indictment is defective in that it charges two crimes in one count, omits the word "intent" and fails to state the exact amount of money allegedly taken.

3. Trial counsel was incompetent.

4. At the hearing below on the petition for the writ of habeas corpus, the Court erred in admitting into evidence the transcript of the 1963 proceedings in the course of which Petitioner tendered his plea and was sentenced.

5. The Court below erred in denying bail pending this appeal.

6. The sentence of the Superior Court constituted cruel and unusual punishment.

We note at the outset that Petitioner's amended petition dated September 7, 1970 nowhere alleges expressly and precisely that his plea of guilty was not knowingly and understandingly made. However, in Count I, ¶ 5(b) the petition alleges that "upon advice of counsel petitioner entered a plea to a charge, not fully understanding the charge against him." And in Count III, ¶ 2(f) it is alleged, "Counsel convinced the petitioner his chances were helpless (sic) and refused to even consider representing petitioner if he choose (sic) to enter a not guilty plead (sic)." We view the wording of these allegations with the liberality accorded petitions for post-conviction relief and conclude, as did the Court below, that the petition effectively charges that the guilty plea was not knowingly, understandingly and voluntarily tendered. Our first consideration is addressed to this issue.

The Petitioner seeks to relate his attack upon the validity of his plea to the alleged incompetence of his then counsel. On the basis of fully supportive evidence, the Court below found in effect that he was competently advised and represented by able and experienced counsel, that Petitioner fully understood the charge against him and the consequences of his plea and that his decision to plead stemmed from his remorse after seeing the pathetic permanent physical condition of his victim. In the words of the Court below as recorded in his findings, "He was sorry for what he had done and wanted to face up to it." As too often happens, the initial praiseworthy instincts of a remorseful perpetrator of a cruel and violent act tended with the passage of time to disappear in the face of the realities of punishment. The petitioner on appeal has assumed the burden of showing that the findings below were "clearly erroneous," Chase v. State (1967–Me.) 227 A. 2d 455, and this he has been unable to do.

In treating of matters said to have occurred at the Municipal Court level and during the investigatory stage, appellant seems to overlook the consequences of his later plea. It is well settled that when a defendant knowingly, understandingly and voluntarily pleads guilty to an offense, he thereby waives all errors which are not jurisdictional. Cookson v. State (1968–Me.) 237 A.2d 589. Nothing shown on this record which occurred prior to the plea militated against its validity.

The indictment includes the words, "feloniously did make an assault, and by force and violence," thereafter describing the larceny. The appellant contends this form was fatally duplicitous as charging both assault and robbery. The form was obviously taken from Whitehouse and Hill, Directions and Forms for

---

1. This case arose initially in 1963 prior to the full implementation of the District Court system.

Criminal Procedure "a text on practice and forms which, while not precedent, has for more than half a century commanded the respect of the bench and bar of the State." Cress v. State (1971–Me.) 281 A. 2d 460, 461. An indictment alleging assault in the course of charging robbery was approved without comment upon the assault allegation in State v. Perley (1894) 86 Me. 427, 30 A. 74. In the instant case assault was alleged, not as a separate substantive offense, but only as an incident of the alleged force and violence which is the gist of robbery.[2] The situation is not unlike that presented in State v. Smith (1971–Me.) 277 A.2d 481, in which a charge of assault in a burglary indictment was deemed to "serve only to characterize and verify the felonious intent." As to the contention that the indictment failed to charge "intent," it suffices to say that robbery requires no allegation of intent beyond that which is implicit in the words "steal, take and carry away." The amount of money alleged to have been stolen is precisely stated. No defect in the indictment is shown.

■ Over objection, the Court below admitted into evidence Respondent's Exhibit # 1, a transcript of the proceedings in the Superior Court at the time of arraignment and plea. We cannot understand the argument of the appellant that this evidence was immaterial and irrelevant to any issue raised by the petition. As we have seen, the *primary* issue in the case was the validity of appellant's plea. No more revealing evidence could be proffered than the exhibit which clearly disclosed all of the circumstances under which the plea was tendered and accepted.

■ Petitioner's assertion that the Court below erred in not admitting Petitioner to bail pending this appeal is without merit. Wood v. State (1965) 161 Me. 13, 206 A.2d

223. Likewise, Petitioner's contention that the sentence imposed constituted cruel and unusual punishment cannot, in the absence of exceptional circumstances not present here, be raised for the first time on appeal. See Lumsden v. State (1970–Me.) 267 A.2d 649, 653. Even if properly raised, however, the point would have been devoid of merit since the sentence imposed would fail to shock the collective consciences of the Court where the robbery victim, a defenseless woman, suffered permanent paralysis as a result of a gunshot wound inflicted by the appellant in the course of a robbery.

Appeal denied.

WEATHERBEE, J., did not sit.

All Justices concurring.

---

2. In *Perley* the Court said, " * * * force or fear is the main element of the crime." Here the State relied upon "force and violence" rather than "putting in fear." An allegation of assault, although unnecessary in an indictment for robbery, does not in the context of this indictment undermine its effectiveness.