STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-20-04

TIMOTHY SCOTT WORSTER,

       Petitioner,

v.

MAINE DEPARTMENT OF
CORRECTIONS,

       Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

**DECISION AND ORDER**
**(M.R. CIV. P. 80C)**

Pursuant to M.R. Civ. P. 80C, Petitioner Timothy Scott Worster appeals from

a prison disciplinary decision of Respondent Maine Department of Corrections

("DOC"). For the reasons that follow, DOC's decision is affirmed.

## PROCEDURAL HISTORY

Based on an incident that occurred on November 5, 2019, Mr. Worster, then

an inmate at Mountain View Correctional Facility, was charged with two

disciplinary violations: (1) "Disturbance" and (2) "Rules." R. 4, 7.[1] Mr. Worster

thereafter received notice that a disciplinary hearing had been scheduled and on the

notice form, selected the option stating, "I do . . . waive my right to [] 24 hour

[advance] notice" of the hearing. R. 10. At a disciplinary hearing held on December

21, 2019, Mr. Worster pleaded "no contest" to both charged violations. R. 4. As a

---

[1] "Disturbance" is defined by prison policy as creating a disturbance that
results in the need for extra staff or planning. R. 26. "Rules" is defined as the
"[f]ailure to abide by the rules of any program not specifically covered in this policy."
R. 28.

1

penalty, the Hearing Officer imposed 15 days of disciplinary restriction, 10 days loss of good time, and two $5 monetary sanctions. R. 4-5. Mr. Worster subsequently filed an intra-agency appeal, and DOC affirmed. R. 1-3. This Rule 80C appeal followed.

On appeal, Mr. Worster contends that DOC (1) unlawfully convened the hearing without affording him 24-hours advance notice; (2) continued the hearing in contravention of the timeline established by prison policy and in the absence of proper notice; and (3) denied him the opportunity to call a witness in violation of prison policy and due process guarantees. Mr. Worster seeks expungement of the disciplinary incident from his record, restoration of his loss of good time, and compensation for the cost of sanctions relating to the disciplinary infractions. [2]

## DISCUSSION

Judicial review of administrative agency decisions is "deferential and limited." *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128. The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally

---

[2] At a recent status conference at which Mr. Worster failed to appear, counsel for DOC represented that Mr. Worster was released from prison in July 2023. It is unclear whether Mr. Worster has completed his sentence in full or whether he remains on some form of supervised release. Notwithstanding this development, DOC does not argue that this appeal is moot, and it is not apparent, based on the limited information provided, that the court is incapable of providing any effective relief or that Mr. Worster will not be subject to collateral consequences because of DOC's disciplinary decision. *See In re Nicholas S.*, 2016 ME 82, ¶ 7, 140 A.3d 1226 (while the court should refrain from issuing decisions that "would not provide . . . any real or effective relief," the court may address the merits of an issue when "'sufficient collateral consequences will result from the determination of the questions presented'"). Accordingly, the court will decide this case on the merits.

2

unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v. Dep't of Envtl. Prot.*, 2005 ME 50, ¶ 7, 870 A.2d 566. In conducting its review of an agency decision, the court "do[es] not substitute [its] judgment for that of the agency and will 'affirm findings of fact if they are supported by substantial evidence in the record.'" *Anglez Behavioral Health Servs. v. Dep't of Health & Human Servs.*, 2020 ME 26, ¶ 12, 226 A.3d 762. The party seeking to vacate an agency decision bears the burden of persuasion on appeal. *Anderson v. Me. Pub. Emp. Ret. Sys.*, 2009 ME 134, ¶ 3, 985 A.2d 501.

Here, Mr. Worster has not identified an error that warrants reversal of DOC's disciplinary decision. While Mr. Worster faults DOC for failing to adhere to its policy of providing 24-hour advance notice of a hearing, he forfeited this issue by indicating in a pre-hearing writing that he "waive[d] [his] right to [] 24 hour notice." R. 10; *see also* DOC Policy 20.1(C)(23) ("Any written waiver signed by a prisoner as part of the disciplinary process is final and may not be withdrawn.").

Mr. Worster's plea of no contest resulted in a waiver of the other issues raised on appeal. *See State v. Boone*, 444 A.2d 438, 442 (Me. 1982); *Cunningham v. State*, 295 A.2d 250, 251 (Me. 1972). A plea of no contest (or *nolo contendere*) "is equivalent in effect to a plea of guilty." *Bd. of Registration in Med. v. Fiorica*, 488 A.2d 1371, 1375 (Me. 1985). And in the analogous context of criminal pleas, "[i]t is well settled that when a defendant knowingly, understandingly and voluntarily pleads guilty to an offense, he thereby waives all errors which are not jurisdictional." *Cunningham,*

295 A.2d at 251.[3] This principle—which the court finds applicable here—precludes Mr. Worster's various procedural challenges as well as his claim that DOC unlawfully deprived him of the opportunity to call a witness. *See id.*; *see also Boone*, 444 A.2d at 442 ("by pleading guilty or nolo contendere the defendant is relinquishing his right to a trial, including . . . his right to present witnesses on his behalf"). Accordingly, the court finds no reason to disturb DOC's disciplinary decision.

The entry is:

Mr. Worster's Rule 80C appeal is denied, and DOC's disciplinary decision is affirmed.

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED:   10\18\23

_____
Julia M. Lipez
Justice, Superior Court

---

[3] Mr. Worster does not claim that his plea was unknowing or involuntary.

4