LEVI BOLDEN *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 2—439, as Baldin v. Commonwealth.]

Criminal Law—Robbery.

> An indictment is sufficient which charges that the accused "feloniously took a pocketbook and forty-six dollars from D. P. Sheldon by force and violence, against his will, and by putting him in fear of some immediate injury to his person."

APPEAL FROM McCRACKEN CIRCUIT COURT.

May 31, 1881.

OPINION BY JUDGE HARGIS:

The indictment charges that the appellant "feloniously took a pocketbook and forty-six dollars from D. P. Sheldon by force

and violence, against his will, and by putting him in fear of some immediate injury to his person." These facts constitute robbery, and the indictment is therefore sufficient.

No demurrer was filed to the indictment, and the motion in arrest of judgment was properly overruled, because it charges a public offense, which is all that is required of the verdict.

While the first instruction alone does not present the law of robbery, yet the instruction which the court of its own motion gave to the jury cures the defect. The word "force," used in connection with the qualification that Sheldon must have been put in fear or had a struggle with the accused, is equivalent in sense to the word "violence."

Because the indictment failed to allege the value of the pocketbook and money so as to authorize a conviction of larceny in the event of a failure to prove robbery, did not prejudice the appellant, but relieved him from the danger of conviction of an offense clearly proven by the facts without the proof of violence or fear.

Wherefore the judgment is *affirmed*.

*E. W. Bagby, for appellant.*

*P. W. Hardin, for appellee.*