(67 South. 26)

No. 20711.

STATE v. WILSON et al.

(Nov. 4, 1914. On Application for Rehearing, Jan. 11, 1915.)

*(Syllabus by the Court.)*

1. ROBBERY 17 — INFORMATION — REQUISITES.

In an information for robbery of money from a person named therein, and which alleges force, violence, and putting said person in fear by defendants, the words "against his will" would be tautological; and they are unnecessary.

[Ed. Note.—For other cases, see Robbery, Cent. Dig. §§ 16–23, 26; Dec. Dig. 17.]

*(Additional Syllabus by Editorial Staff.)*

2. ROBBERY 17 — INFORMATION — REQUISITES—"AGAINST THE WILL"—"UNLAWFULLY, WILLFULLY, FORCIBLY, AND VIOLENTLY."

Since the words "unlawfully, willfully, feloniously, forcibly, and violently," in an information charging robbery under Rev. St. § 810, imply a taking "against the will," this latter phrase need not be added to the information.

[Ed. Note.—For other cases, see Robbery, Cent. Dig. §§ 16–23, 26; Dec. Dig. 17.]

On Application for Rehearing.

3. ROBBERY 1—DEFINITION OF CRIME.

"Robbery" is the felonious taking of the property of another from his person, or in his presence, against his will, by violence, or by putting him in fear.

[Ed. Note.—For other cases, see Robbery, Cent. Dig. §§ 1, 13; Dec. Dig. 1.

For other definitions, see Words and Phrases, First and Second Series, Robbery.]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Wm. Campbell, Judge.

Houston Wilson and another were convicted of robbery, and appeal. Affirmed, and rehearing refused.

Percy T. Ogden, of Crowley, for appellants. R. G. Pleasant, Atty. Gen., and C. B. De Bellevue, Dist. Atty., of Crowley (G. A. Gondran, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Defendants were charged with assaulting one Charles Zenor, and by putting the said Zenor in fear, did unlawfully, willfully, feloniously, forcibly, and violently rob, take, steal, and carry away $13, the property of said Zenor.

[1, 2] Defendants argue that the information against them was filed under section 809, Revised Statutes. In this, they are mistaken. It was filed under section 810. The robbery with which they are charged was of money from the person of Zenor; and robbery from the person is provided for in section 810. The prior section (809) is more directly applicable to "the robbery of goods and chattels."

Defendants moved to arrest the judgment on the ground that the indictment is fatally defective on its face, in that it does not contain the allegation "against the will" of the person said to have been robbed; and, further, because the indictment does not contain the allegation that the money was robbed "from the person" of the said Charles Zenor.

It was unnecessary to charge that the robbery was committed "against the will" of Charles Zenor; for the reason that the indictment charges that the defendants put said Zenor "in fear," and unlawfully, feloniously, willfully, forcibly, and violently robbed him of $13.

After thus charging defendants, it would have been tautological to have added the phrase "against his will." The words "against the will" are not more expressive than are the words "unlawfully, willfully, feloniously, forcibly, and violently." The latter words imply that the money was taken against the will of the person robbed. State v. Patterson, 42 La. Ann. 934, 8 South. 529.

Judgment affirmed.

On Application for Rehearing.

PER CURIAM. Defendants urge that the absence of the words, "from the person,"

from the indictment charging the robbery, rendered the indictment insufficient, or rather fatal.

[3] "Robbery" is the felonious taking of the property of another from his person, or in his presence, against his will, by violence or by putting him in fear.

The indictment sufficiently charges that the robbery was committed in the presence of the person robbed in setting forth that defendants unlawfully, feloniously, and violently did make an assault upon the person of one Charles Zenor, and then and thereby putting him in fear, did unlawfully, etc., rob him of $13, the property of said Zenor.

Rehearing refused.