70

No. 7290.   FEBRUARY 12, 1930.

*Peek & Henson,* for plaintiff.

*John A. Boykin* and *J. W. LeCraw,* for defendant.

RUSSELL, C. J.   John Shehany was tried, convicted, and sentenced to imprisonment at hard labor for not less than three years and not more than five years, under an indictment charging him with the offense of "robbery, for that said accused  .  .  with force and arms did wrongfully, fraudulently, and violently, by force and intimidation, take from the person of R. C. Parker, with intent to steal same, forty dollars in money, the property of said Parker, contrary to the laws of said State," etc.   Thereafter Shehany filed a petition for habeas corpus, alleging that he was being detained by Lowry, sheriff, under pretence of the sentence imposed upon him after conviction as above set forth, and that the restraint was illegal because the indictment under which petitioner was convicted was and is utterly void and charges no crime against petitioner, in that it "is not alleged that anything of value was taken from the person of R. C. Parker, or anyone else, without the consent of said Parker, or anyone else," and that the failure to allege one of the essential elements of the offense of robbery, "want of consent of the person alleged to have been robbed," rendered the indictment fatally defective, as such indictment is not amendable, and that therefore the judgment or sentence of the court based upon said indictment

is void. It is alleged that the "fatal defect in said indictment, and consequently in said verdict and sentence of the court, has never been adjudicated by demurrer at or before the trial of the case, or otherwise."

The sheriff filed no response and introduced no testimony. At the hearing it was admitted that the statements of fact in the petition, as to the proceedings as therein set forth, were true. The judge remanded the petitioner to custody, and he excepted to this judgment as contrary to law.

Section 954 of the Penal Code provides that "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury." This is the rule of construction established by our law which is generally employed in determining whether an indictment sufficiently sets forth the offense sought to be charged. See cases cited 7 Enc. Dig. Ga. R. 263, 264. Under this provision an indictment is sufficient if it states the offense so plainly that a man of rational understanding can not fail to understand it (*Stephen* v. *State,* 11 *Ga.* 225), or, to use the express language of the code section, "so plainly that the nature of the offense charged may be easily understood by the jury." Under the wording of the indictment in this case, was the offense stated so plainly that the nature thereof could be easily understood by the jury? The offense is substantially charged in the precise words of section 148 of the Penal Code, defining robbery, except for the omission of the words "without the consent of the owner." It is undoubtedly true that there can be no robbery unless the money or goods be taken without the consent of the owner, but it has been held that the word "fraudulently," when used in the indictment, if there be equivalent words employed, or if the offense be charged in such language as to exclude any thought other than that the taking was without the consent of the owner. An intent to steal is a substantive element in the commission of the offense of robbery (*Sledge* v. *State,* 99 *Ga.* 684, 26 S. E. 756); but it has been held that the word "fraudulently," when used in connection with the words "unlawfully, and with force and arms, wrongfully, fraudulently, and violently take from the person . . without the consent of the owner, by force and intimidation," im-

plies an intent to steal. *Holland* v. *State,* 8 *Ga. App.* 202 (68 S. E. 861). In the present case it is charged that the defendant committed the offense of "robbery, for that said accused . . with force and arms did wrongfully, fraudulently, and violently, by force and intimidation, take from the person of R. C. Parker, with intent to steal the same," etc. It would seem that the language used necessarily conveys a clear implication that the money was taken without the consent of the owner as that term is understood in law. "Consent" is "a voluntary yielding of the will," or "a rational and voluntary concurrence in an act." New Standard Dictionary. "Consent supposes a physical power to act; a moral power of acting, and a serious, determined, and free use of these powers." Bouvier's Law Dictionary. "Consent," as recognized by law, can not be the subject of compulsion. Words and Phrases (3d Series), 330. Consent is an act of reason accompanied with deliberation. *Dicken* v. *Johnson,* 7 *Ga.* 484, 492. Bearing in mind the meaning of the word "consent," it would seem to follow that there can be no legal consent given in the face of intimidation. "Intimidation" is "the use of violence or threats to influence the conduct or compel the consent of another." New Standard Dictionary. "Intimidation," in our code definition of robbery, is synonymous with the "putting in fear" in the common law. *Long* v. *State,* 12 *Ga.* 294; *Johnson* v. *State,* 1 *Ga. App.* 729 (57 S. E. 1056). Intimidation, as relates to law, has a definite meaning, and consists in putting a person in fear in some way. Words and Phrases, supra. Therefore, where money is taken by one from another violently by force and intimidation, as is charged in the present indictment, it would be impossible for the person upon whom such violence, force, and intimidation were exerted to legally consent of such taking, and the "wrongful and fraudulent" taking would therefore be without the consent of such owner; and we think that the language in which the offense is charged in the present indictment would convey to the jury the nature of the offense charged against the defendant so plainly that it could be easily understood. A "compelled consent" is in law no consent at all. We hold in this case, where a robbery is charged as having been committed "wrongfully, fraudulently, and violently, by force and intimidation," that these words clearly imply that the taking was without the consent of the person alleged to have been robbed. As held by the Supreme Court of

Louisiana, in State *v.* Wilson, 136 La. 345 (67 So. 26), "In an information for robbery of money from a person named therein, and which alleges force, violence, and putting said person in fear by defendants, the words 'against his will' would be tautological, and they are unnecessary. . . Since the words 'unlawfully, willfully, feloniously, forcibly, and violently,' in an information charging robbery under Rev. St. § 810; imply a taking 'against the will,' this latter phrase need not be added to the information." In the opinion of the court it is said: "It was unnecessary to charge that the robbery was committed 'against the will' of Charles Zenor, for the reason that the indictment· charges that the defendants put said Zenor 'in fear,' and unlawfully, feloniously, willfully, forcibly, and violently robbed him of $13. After thus charging defendants, it would have been tautological to have added the phrase 'against his will.' The words 'against his will' are not more expressive than the words 'unlawfully, willfully, feloniously, forcibly, and violently.' The latter words imply that the money was taken against the will of the person robbed." See also Chancey *v.* State, 58 Tex. Crim. Rep. 54 (124 S. W. 426) ; People *v.* Carpenter, 315 Ill. 87 (145 N. E. 664). Counsel for the plaintiff in error contend that the foregoing rulings by the courts of our sister States are not in point, because "The indictment in each of these cases followed the language of the statute. In none of these States is lack of consent on the part of the person alleged to have been robbed an element of the offense." Regardless of this (and we can not concur in the statement of the last sentence quoted from the brief), the rulings in the cases cited above fully support the correctness of our holding that a robbery by force, violence, and intimidation is clearly a robbery without the consent of the person robbed, and, as we have pointed out above, it is not necessary that the indictment should allege the offense in the exact words of our statute.

Counsel for the plaintiff in error further contend, as ground of invalidity of the indictment under consideration, that the indictment is as closely akin to larceny from the person, as defined in section 172 of the Penal Code, or larceny from the person by any sort of secret, sudden, or wrongful taking, as stated in section 174 of the Penal Code, as it is to robbery as defined in section 148 of the Penal Code. The larceny from the person defined in section 172 is by the express language of the statute, "as distinguished

from robbery," the "wrongful and fraudulent taking of money . . from the person of another, *privately, without his knowledge.*" A theft committed privately and without the knowledge of the person whose money is stolen is utterly inconsistent with a theft by "violence, force, and intimidation." Likewise, as to the class of larceny stated in section 174, it is provided that to constitute this class of larceny the taking must be done "without using intimidation, or open force and violence." "Provided, there be no resistance by the owner, or injury to his person, and all the circumstances of the case show that the thing was taken not so much against as without the consent of the owner." In other words, if force and violence or intimidation of the person robbed be charged, it is not a charge of the larceny set forth in section 174. See *Moran* v. *State*, 125 *Ga.* 33 (53 S. E. 806). If intimidation, force, or violence be used in committing the theft, the offense is robbery. *Long* v. *State*, 12 *Ga.* 294. As the indictment in this case charged a taking by force, violence, and intimidation, the offense was stated in such language that the jury could easily understand the nature of the offense charged, and thus the charge measured up to the rule expressed by section 954 of the Penal Code of 1910.

The indictment under consideration is not void, and the trial judge did not err in refusing to discharge the petitioner from custody. *Judgment affirmed. All the Justices concur.*