## Catron et al. v. Commonwealth.

(Decided Dec. 15, 1933.)

JAMES CLAY for appellants.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Irvin Catron and Elmer Catron, who were convicted of robbery and sentenced to five years' imprisonment, challenge the regularity of their trial on several grounds.

The facts are these: Between 1 and 2 o'clock on the morning of August 22, 1933, appellants and Bobby Jones, who lived in Mason county, went to the home of Luke Thornsberry in Carter county to get some whisky. According to Thornsberry, they stated that they wanted about 40 gallons. Thornsberry replied that he had only 18 gallons, and appellants agreed to take it. Thereupon Thornsberry went to his kitchen where he kept the whisky and brought out the 18 gallons. Upon his return appellant, Irvin Catron, and Jones drew pistols and demanded the whisky. Elmer (Ted) Catron, who came in after the others, told one of them to present his pistol on Mrs. Thornsberry who was present. While this was going on, Jones took two shotguns that were hanging on the wall and placed them in their machine. The whisky was also carried out of the house and placed in the machine. This was done while his hands were up, and he could not help himself. They never traded for the whisky, but just threw their guns on him and took it. When appellants left, they said, "We will pitch the guns out next to the highway. Don't you follow." The guns were not thrown out on the highway, but were carried by appellants to Maysville, where

they were arrested. Later on Thornsberry went to Maysville and identified two of the guns and a pistol as his property. According to appellants, Thornsberry owed them some whisky for some empty cans that they had brought there and he had not paid for, and they took the guns because Thornsberry had threatened to kill them and, as he had a fast machine out in the yard, they were afraid he would overtake them and kill them. They told him they would drop the guns out along the road, but were afraid that he would catch them, and they took the guns on home with them.

The first ground urged for reversal is that the court erred in overruling the demurrer to the indictment, which, omitting the formal parts, reads as follows:

"The grand Jury of Elliott Co. in the name and by the authority of the Commonwealth of Ky. accuse Bob Jones, Ted Catron and Erwin Catron of the crime of Robbery, committed in manner and form as follows to-wit:

"The said defendant Bob Jones, Ted Catron and Erwin Catron in the county of Elliott, on the 2nd day of Oct. A. D. 1933, and before the finding of this indictment, did unlawfully willfully, feloniously take a shotgun, the property of Luke Thornsberry, from his residence and in his presence and against his will, by force and arms and by putting him in fear of some immediate injury to his person and to his family. Contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Ky."

The grounds of attack on the indictment are that it failed to allege that the property was taken with the intention to deprive the owner thereof, and permanently convert it to the use of the defendants, and that it was not alleged that the property taken was of any value.

This is not a prosecution under a particular statute for a particular kind of robbery, as in the case of Ward v. Commonwealth, 14 Bush, 233, but is a prosecution for common-law robbery. In the early case of Commonwealth v. Brooks, 1 Duv. 150, language substantially the same as that employed in the indictment was held sufficient, and that rule has never been departed from. Indeed, as pointed out in 23 R. C. L. 1152, the weight of authority is to the effect that charging that the defend-

ant feloniously and violently did take from the person of the prosecuting witness certain property is sufficient, since such language imports stealing lucri causa and an asportation with intent to deprive the person in the lawful possession of the property in the goods. Since force and fear are the essential elements of the crime of robbery, and the value of the property taken does not affect the punishment, it is not necessary in an indictment to specify the value of the property taken, or to allege that it has value, particularly where, as here, the property is described and must of necessity have some value. Baldin v. Commonwealth, 2 Ky. Law Rep. 439; State v. Perley, 86 Me. 427, 30 A. 74, 41 Am. St. Rep. 564; 23 R. C. L. 1153.

Another contention is that the court erred in refusing to permit one of the defendants to answer the following question: "Did you take the guns for the purpose of converting them to your own use?" As no avowal was made of what the witness would say, the error, if any, is not available.

The further point is made that the court did not give all the law of the case. The argument is that, if appellants took the shotguns as they testified for the purpose of preventing Thornsberry from shooting them and with no intention to convert them to their own use, they were not guilty of robbery, but only of assault and battery, and that this defense should have been submitted to the jury by an appropriate instruction. It is true that in the case of Southerland, Lawson and Vaughn v. Commonwealth, 217 Ky. 94, 288 S. W. 1051, where the defendants testified that the prosecuting witness attempted to draw a pistol on them and they took the pistol for the purpose of preventing him from shooting one of them, and with the intention to return it, it was held error not to give an instruction presenting that theory of the case. It was also held in Allen v. Commonwealth, 245 Ky. 660, 54 S. W. (2d) 44, that the evidence required an instruction on the theory that a deputy sheriff lawfully arrested complaining witness and relieved him of his pistol only for the purpose of turning it over to the sheriff. However, we are not inclined to apply the same rule to the facts of this case. In this state whisky, though its possession be prohibited both by the Volstead Act (27 USCA sec. 1 et seq.) and our own statute (Ky. Stats. sec. 2554a-1 et seq.), is

nevertheless the subject of robbery, Ray v. Common-. wealth, 230 Ky. 656, 20 S. W. (2d) 484, 66 A. L. R. 1297; Ellis v. Commonwealth, 186 Ky. 494, 217 S. W. 368, 11 A. L. R. 1030, and, though it be true that Thornsberry owed appellants some whisky for some empty cans returned, this did not justify their taking the whisky by force, or putting Thornsberry in fear. Thus it is clear that appellants took the weapons for the purpose of enabling them to rob Thornsberry of the whisky and to prevent Thornsberry from taking any steps to protect or regain his property while the robbery was being carried on. The guns were taken while Thornsberry was covered by a pistol, and carried out to the car. They were not pitched out next to the highway, but were carried to Maysville, and were in the possession of appellants when arrested. Thus the asportation was sufficient, Adams v. Commonwealth, 153 Ky. 88, 154 S. W. 381, 44 L. R. A. (N. S.) 637; and the robbery was complete. That being true, the crime could not be undone even by a return of the property taken, to say nothing of a mere intention to return. 23 R. C. L. 1141; People v. Campbell, 234 Ill. 391, 84 N. E. 1035, 123 Am. St Rep. 107, 14 Ann. Cas. 186, and note. In the circumstances, appellants were not entitled to an instruction on assault and battery.

Judgment affirmed.

Whole court sitting.