## Burton v. Commonwealth.

### (Decided April 27, 1934.)

RALPH HURT for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Lige Burton, was indicted for mur-

der and on his trial was convicted of manslaughter and sentenced to two years' imprisonment.

He seeks to reverse the judgment on two grounds —insufficiency of the evidence and errors of the trial court in its rulings on the admission of evidence.

Appellant shot and killed Owen Alley on January 3, 1933, on a public highway near the home of John Ed Burton in Adair county. Ill feeling had existed between the parties for several months and there is evidence that Alley had made threats against appellant's life in the presence of third parties who had communicated the threats to appellant. It appears that the deceased had been courting appellant's daughter and that appellant objected to his attentions. Alley was a married man, though he and his wife had separated, and he had recently been paroled from the penitentiary. On the day of the homicide appellant had walked from his home to a store, a distance of about two miles, and purchased tobacco. He carried a shotgun and on his return stopped at the home of John Ed Burton. He and John Ed Burton were standing on the side of the road near a gate and Finis Burton was shoveling corn out of a wagon a few feet away. Within a few minutes Alley was seen walking down the road from the direction of the store which appellant had just left. He was on the opposite side of the road from appellant and Burton and as he approached them he started across the road. As he came down the road he was walking with one hand in his pocket and when he was 12 or 15 feet from the two Burtons, who were engaged in conversation, appellant raised his gun and fired without any words having passed between him and Alley. The load of shot struck Alley in the side and he died an hour or two later. Just before he fired the shot appellant said to John Ed Burton who was standing at his side: "Look out! He is going to shoot." Both John Ed Burton and his son, Finis Burton, testified that Alley at the time he was shot was walking with his right hand in his pocket and his left arm swinging at his side. The only weapon found on his person was a pocket knife. Other eye-witnesses testified to substantially the above facts.

There was evidence that Alley's reputation for peace and quiet was bad and that he was considered a dangerous man by his neighbors and that he had made

threats against appellant, but there was also evidence that appellant had threatened to kill the deceased. The jury might well infer from the evidence that the deceased was shot without provocation and at a time when appellant had no reason to believe and did not believe that he was in danger of injury at Alley's hands. The evidence was amply sufficient to authorize a submission of the case to the jury and to sustain the verdict.

Complaint is made of numerous rulings of the trial court on the admission of evidence. Most of the rulings of which complaint is made sustained objections to questions asked by appellant's counsel. Many of the questions to which objections were sustained were leading in form or called for mere conclusions on the part of the witness but, beyond that, in not a single instance was an avowal made as to what the witness would say if permitted to answer. Where no avowals are made of what the witness would say, the error, if any, is not available. Catron v. Commonwealth, 251 Ky. 786, 66 S. W. (2d) 17; Gibson v. Commonwealth, 248 Ky. 601, 59 S. W. (2d) 573.

We have carefully examined the record and find no ruling of the trial court admitting or rejecting evidence over appellant's objection which was prejudicially erroneous.

The judgment is affirmed.