## Burdette v. Commonwealth.

(Decided Jan. 15, 1935.)

O. B. BERTRAM for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Gladys Burdette, was jointly indicted with John Violet for the crime of robbery, and on her trial was convicted and sentenced to a term of two years in the penitentiary. Before she was arrested,

John Violet was killed while engaged in the commission of a robbery in Louisville, Ky.

On March 15, 1934, appellant and Violet went to the place of business of the Columbia Motor Company in Columbia, Adair county, Ky., and stated that they wanted to look at a used car. Mr. Lewis Coffey, manager of the company, told them that he did not have a used car, but he showed them a new car. They left without purchasing the car, but Violet stated that they would probably return later in the afternoon. They did return about 4 o'clock, and asked Coffey to drive them to the stockyards where Violet claimed he had parked his car. Believing they were prospective customers, Coffey requested appellant to take the driver's seat and he sat beside her. Violet sat on the rear seat. When they reached the stockyards, Violet drew a pistol, placed it against Coffey's side, and told him to keep quiet. Coffey reached for the car horn and began blowing it, whereupon Violet struck him over the head with the pistol and then pushed his head under the cowl of the car, and forced him to ride in this position until they reached a lonely spot in the country, where he was compelled to get in the rear of the car and lie down. Appellant continued to drive the car, and at a point in Taylor county Coffey was left on the road after Violet had robbed him of the money on his person. The car was found about ten days later in Louisville, and appellant was arrested.

It is first insisted that the demurrer to the indictment should have been sustained because it is not alleged that the taking was without the consent or against the will of the owner of the property. The indictment charges that the accused "did unlawfully, willfully, and feloniously, with force and arms take, steal, and carry away from Lewis Coffey one Chevrolet coupe automobile with the intent to convert same to their own use and to permanently deprive it of the ownership thereof by putting the said Lewis Coffey in fear, the said Lewis Coffey then and there being a member of the Columbia Motor Company and the said automobile being then and there the personal property of the Columbia Motor Company." The taking of the property against the will of the owner is an essential element of the crime of robbery, and there must be allegations in the indictment which negative the idea of consent or acquiescence, for obviously no person can be robbed when

he consents to or acquiesces in the taking of his property. However, it is not necessary to use the fixed phrase "against the will" of the person said to be robbed if the idea is otherwise conveyed. Here the indictment alleges that the accused did unlawfully, willfully, and feloniously, with force and arms, steal from Lewis Coffey an automobile by putting the said Coffey in fear. These words imply that the automobile was taken against the will of Coffey, and it was not necessary to allege specifically that it had been taken against his will after that allegation in substance had been made.

The Supreme Court of Mississippi had a similar question before it in the case of State v. Presley, 91 Miss. 377, 44 So. 827, and, in holding that an indictment charging a robbery by force and violence sufficiently charged that the robbery was without the consent of the victim, the court said:

"In the case before us we think the indictment charges a condition of things manifestly against the will of the party robbed. Technical law is good law under proper circumstances, but not where it shocks common sense. One cannot 'unlawfully, feloniously, forcibly, and violently' rob and steal from the person of another, without its being against his will."

To the same effect are Shehany v. Lowry, 170 Ga. 70, 152 S. E. 114; State v. Massey, 274 Mo. 578, 204 S. W. 541; State v. Denby, 143 Wash. 288, 255 P. 141; State v. La Chall, 28 Utah, 80, 77 P. 3; State v. Wilson, 136 La. 345, 67 So. 26.

The case of Catron v. Commonwealth, 251 Ky. 786, 66 S. W. (2d) 17, 18, presented an analogous question. In that case the indictment failed to allege that the property was taken with the intention to deprive the owner thereof and permanently convert it to the use of the accused. In holding that the language employed in the indictment was sufficient, the court said:

"Indeed, as pointed out in 23 R. C. L. 1152, the weight of authority is to the effect that charging that the defendant feloniously and violently did take from the person of the prosecuting witness certain property is sufficient, since such language imports stealing lucri causa and an asportation with intent to deprive the person in the lawful possession of the property in the goods."

Complaint is made because the attorney for the commonwealth was permitted to ask the appellant whether she and Violet had been living together as man and wife. Appellant admitted all the facts testified to by Coffey, but her defense was that she was forced by Violet to take part in the robbery. The evidence complained of, while it tended to prove the commission of another crime by the appellant, was competent to refute her claim that she was forced to participate in the robbery and acted under duress.

The attorney for the commonwealth in his argument to the jury referred to the fact that she had lived with John Violet in Louisville, Ky., for three weeks, and he stated that she knew Violet had no occupation except robbing and stealing for a living, and that she was merely a gunman's pal. It is contended that this argument was improper and prejudicial, but since, as we have seen, the evidence referred to was admissible, the attorney for the commonwealth was within the bounds of legitimate argument in referring to it, and his inferences therefrom were fair and reasonable.

It is finally contended that instruction No. 1 is erroneous. The only criticism made is that it is confusing, but we have carefully read it, and conclude that it presented the law of the case fairly and clearly, and that the jury could not have been misled.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.