## Commonwealth v. Collins et al.

Oct. 23, 1942.

Hubert Meredith, Attorney General, and William F. Neill, Assistant Attorney General, for appellant.

Harry L. Moore for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Dismissing Appeal.

An indictment returned by the Letcher Circuit Court jointly charged Millard Collins, Alonzo Sizemore and Hillard Bates, with robbing by force and arms Cullen Anderson and Walter McCall of seventeen gallons and three quarts of moonshine liquor. A joint trial was had

as to appellees, Collins and Sizemore, and the record does not show what disposition was made of the indictment relative to Bates. At the conclusion of all the evidence the trial judge peremptorily instructed the jury to find appellees not guilty.

The Commonwealth has appealed pursuant to the provisions of sections 335 and 337, Criminal Code of Practice, and asked that the law be certified.

In open court Bates fully confessed that he robbed the prosecuting witnesses of their whiskey and that Collins and Sizemore entered into a conspiracy with him to commit the crime and were present and participated therein. It is admitted that moonshine whiskey is the subject of larceny, Ray v. Com., 230 Ky. 656, 20 S. W. (2d) 484, 66 A. L. R. 1297; Catron v. Com., 251 Ky. 786, 66 S. W. (2d) 17, and the only question presented here is, whether or not the corroborating evidence was sufficient to take the case to the jury as to appellees and to sustain a verdict of guilty had one been returned.

In Com. v. Sullivan, 285 Ky. 477, 148 S. W. (2d) 343, it was pointed out at some length that when only the sufficiency of the evidence is involved and the record does not show that other defendants are to be tried, no question of law is presented within the contemplation of Section 337 of the Criminal Code of Practice to be certified. As Bates in open court confessed his guilt, a determination as to whether or not the evidence as to the other appellees was sufficient to take their case to the jury can have no bearing on the prosecution of Bates should the Commonwealth desire to bring him to trial.

For the reasons given in Com. v. Sullivan, supra, this appeal is dismissed.

Whole Court sitting.