## Frazier v. Commonwealth.

Jan. 23, 1945.

Marcus C. Redwine and John D. Atkinson for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The appeal is from a judgment of conviction for manslaughter, and a sentence of three years in the State Reformatory. Appellant contends that the Court erred in (1) admitting incompetent evidence introduced by the Commonwealth; (2) rejecting competent evidence offered by appellant; (3) instructing the jury; and (4) that the evidence does not sustain the verdict of the jury.

Appellant and his brother, John Will Frazier, were jointly indicted and tried for murder growing out of the killing of Willie Fryar. Both were convicted, but John

Will since has died. Fryar, the Frazier brothers, and others congregated at Turkey Knob, about one mile from the city of Stanton in Powell County, in the late afternoon of June 3, 1943. Most of the aggregation were drinking, but appellant was not. The evidence as to the cause of the trouble is conflicting. That for the Commonwealth supports its theory that John Will Frazier, appellant's brother, started the argument by resentfully accusing Fryar of making the statement that appellant's and John Will's father was a coward. John Will had a knife in his hand, and was drinking, cursing, and crying. He approached Fryar with the open knife; Fryar, in an endeavor to keep out of reach, ran around an automobile two or three times; fled to a car parked nearby, and gained possession of the handle of a jack. While this was going on, Woodrow Frazier obtained a pistol, and as soon as Fryar obtained possession of the jack handle, Woodrow fired at him five or six times, two bullets taking effect in his body, from which he died. After he was shot, John Will cut the deceased with his knife. After appellant fired at Fryar, his brother called to him, "Kill him, God damn him." The Frazier brothers immediately drove off in an automobile, leaving the deceased lying on the ground. The evidence for appellant was to the effect that Fryar started the altercation by obtaining the jack handle and attempting to do great bodily harm to John Will; and fearful that his brother's life would be taken, appellant shot in his defense. It is obvious that the evidence for the Commonwealth is sufficient to sustain the verdict of the jury.

The testimony said to be incompetent is an affirmative answer by the witness, Charley Hatton, to the following question: "And you saw John Will Frazier strike him after he fell?" Counsel asserts that this testimony is incompetent and highly prejudicial, but does not favor us with the reasons for his conclusion. The only objection we can see to the question is that it is leading; but that does not seem to be the ground of the objection. The question was asked on redirect examination, and the witness had testified to the same thing on direct examination in response to a question which was not leading. The error of the Court in permitting the leading question to be asked, therefore, was not prejudicial, since the evidence adduced thereby had already been introduced into the record in the proper manner.

The evidence appellant claims the Court erred in rejecting was sought to be introduced by appellant in asking nine questions. The Court promptly sustained an objection to each of the questions, and appellant failed to make an avowal concerning the answers which would have been given, had the Court permitted the witness to answer the questions. That being true, appellant does not make a sufficient showing for us to determine whether he was prejudiced by the Court sustaining the objections to the questions. The tenth question to which the Court sustained an objection, and about which complaint is now made, was not competent, because it was an inquiry of the witness concerning the condition of the deceased in respect to being drunk or sober on an occasion more than a year before the altercation in which he lost his life. Even if the question had been competent, appellant failed to make an avowal as to what the witness would have answered.

The first objection to the instructions is that the one on self-defense was "too long, greatly involved, and incapable of being understood by the jury." Appellant does not point out what words, phrases, or elements of the instruction should have been eliminated by the Court. The Court, perhaps, could have submitted the defense in fewer words; but there is nothing confusing about the instruction, and it was more favorable to appellant than one to which he was entitled, because it permitted the jury to find appellant not guilty if at the time he killed Fryar, John Will, his brother, thought himself to be in danger of death or great bodily harm, although appellant had not arrived at that conclusion. The next objection to the instructions is that the Court failed to instruct the jury to find the defendant guilty of voluntary manslaughter, the lower degree of the crime of murder, if the jury should believe from the evidence that if the shooting resulted from sudden heat and passion, such heat and passion was the result of "a provocation reasonably calculated to excite the passions of the defendant beyond the power of his control." It is obvious that the instruction given was more favorable to appellant than the one he now insists should have been given. The instruction as given did not require the passion provoking the shooting to have been of such intensity as to be beyond the control of the defendant; whereas, the instruction contended for does contain such requirement.

We find no error prejudicial to appellant's substantial rights.

The judgment is affirmed.