# Commonwealth v. Creech.

# Commonwealth v. Cooley.

# Commonwealth v. Frye.

May 30, 1950.

W. J. Baxter, Judge.

A. E. Funk, Attorney General, Guy L. Dickinson, Assistant Attorney General, R. R. Craft, Commonwealth's Attorney, and B. T. Moynahan, Jr., County Attorney, for appellant.

John S. Deering for Creech.

Glenn Ricketts for Cooley.

William Hill Mackey for Frye.

CHIEF JUSTICE SIMS—Dismissing appeals.

These three cases have been heard together and all will be disposed of in this opinion.

The grand jury of the Jessamine Circuit Court on March 3, 1948, returned an indictment against Albert

Creech for murder, another against Albert T. Cooley for forcibly raping a girl above 12 years of age, and a third against William Frye, a man over 21 years of age, for carnally knowing a girl under 16 years of age with her consent. Each indictment was set for trial on the 8th day of the March term 1948. When called for trial there was a motion made for continuance in each case, supported by an affidavit to the effect that the accused and his attorney had not sufficient time within which to prepare for trial, or else on account of absent witnesses whose testimony was set out in a general way.

The county attorney filed counter affidavits setting forth the dates on which the crimes were alleged to have been committed, when the accused were arrested, the dates of the examining trials and that they were represented by counsel at such trials. The court sustained all three motions for continuance and set the cases for trial on the 3rd day of the following June term. The Commonwealth has appealed pursuant to the provisions of secs. 335 and 337 of the Criminal Code of Practice and asked that the law be certified.

Whether or not a motion for continuance, supported by affidavits as prescribed by sec. 189 of the Criminal Code of Practice, should be granted depends upon the peculiar facts and circumstances shown in the case. The court has a broad discretion in the matter and the trial judge's action will not be disturbed except where it is clearly shown that he has abused his discretion. Toler v. Com., 295 Ky. 105, 173 S. W. 2d 822.

In Com. v. Sullivan, 285 Ky. 477, 148 S. W. 2d 343, we pointed out at some length when it was proper for the Commonwealth to prosecute an appeal to have the law certified so there may be a correct and uniform administration of the criminal law. It is manifest that when the trial judge, after considering the facts stated in an affidavit for continuance which apply to that particular case and none other, grants a continuance in the exercise of his wide discretion, it is neither necessary nor proper for the Commonwealth to prosecute an appeal. The reason is that such ruling by the trial judge has no bearing upon the uniform administration of the criminal law, but relates solely to the case then before him.

For the reasons given in Com. v. Sullivan, 285 Ky. 477, 148 S. W. 2d 343, the appeals are dismissed. See

Com. v. Collins, 291 Ky. 685, 165 S. W. 2d 357, where we followed the Sullivan opinion and there dismissed the appeal of the Commonwealth seeking a certification of the law.

The appeals are dismissed.