Delaney (Laney) GIBSON et al., Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 30, 1967.

A. E. Cornett, Denver Adams, Hyden, for appellants.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

The three appellants were convicted of rape and sentenced to life imprisonment. On appeal their only claim of error is that the trial court abused its discretion in denying a continuance.

The defendants were arraigned on November 16, 1966. At that time two competent lawyers were appointed to represent them and the case was then assigned for trial on November 22. On November 22, counsel filed a motion and affidavit for a continuance. This affidavit stated in substance that counsel had been engaged in trials of cases (in the same court) on November 16, 17, 18, 19 and 21; that they had not had the time nor the opportunity to confer with defendants and make preparations for the trial; and that they had not had an opportunity to interview the prosecuting witness.

In response the Commonwealth's attorney stated that appellants had not requested permission to consult with their counsel nor had counsel requested permission to consult with them; that counsel was not actively engaged in the trial of other cases at all of the times mentioned in the affidavit; that a transcript of testimony of the prosecuting witness before the grand jury was furnished to counsel on November 16; and that on November 21 one of appellants' counsel advised the Commonwealth's attorney in the presence of the court that he knew of no reason why he would not be ready for trial the following day. The trial court denied a continuance.

 In considering the question of abuse of discretion, it is necessary to examine and weigh the peculiar circumstances in each case. Commonwealth v. Creech, 313 Ky. 140, 230 S.W.2d 622. The nature of the case is important. While appellants were charged with a serious crime, the issue involved was rather narrow and clear-cut. As shown at the trial, the principal question was one of credibility. The prosecuting witness testified she was forcibly raped by the appellants acting jointly. They admitted picking her up and transporting her in an automobile, and their defense was that she willingly went along with them and that no act of sexual intercourse took place.

In appellants' affidavit for a continuance there was no allegation that appellants could obtain other witnesses to aid in their defense. As a matter of fact, their defense was well presented, and there is no indication in the record that counsel could have done more had additional time been granted. See Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377.

The trial judge doubtless took into consideration the fact that the witnesses for the prosecution resided in Ohio and they had been brought a long way for the trial. He also must have considered the fact that appellants were represented by two experienced lawyers. It of course was the duty of these lawyers to bestir themselves to prepare for a trial of which they had adequate advance notice. Their request for delay must be based on something more than convenience.

The end sought is a fair trial. Johnston v. Commonwealth, 276 Ky. 615, 124 S.W.2d 1035. As said in Hood v. Commonwealth, 303 Ky. 686, 198 S.W.2d 793, 796:

"This court has consistently recognized that the right of one standing accused of a crime to be represented by counsel carries with it the right of himself and counsel to have reasonable time to prepare for trial. But there is no showing here that delay would have been of any advantage to appellant or to his counsel in preparation of his defense, and, in the absence of such showing, it is manifest that the court did not err in overruling the motion for continuance."

On the record before us we do not find an abuse of discretion.

The judgment is affirmed.

All concur.